THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | (Judge Schweikert) |
| vs. | : | **ENTRY OVERRULING MOTION FOR FUNDING MENTAL RETARDATION EXPERT AND DISCOVERY** |
| JAMES DERRICK O'NEAL | : | |
| Defendant-Petitioner | : | |

The Court hereby overrules defendant's motion for funding a mental retardation expert, and for additional discovery.

Judge Mark Schweikert
Hamilton County Court of Common Pleas

ENTER
APR - 7 2004
MARK R. SCHWEIKERT

ENTERED & SCANNED
APR - 7 2004

COURT OF COMMON PLEAS
ENTER
HON. MARK R. SCHWEIKERT
THE CLERK SHALL SERVE NOTICE TO PARTIES PURSUANT TO CIVIL RULE 58 WHICH SHALL BE TAXED AS COSTS HEREIN.

Counsel:

Philip R. Cummings (0041497P)
Assistant Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3012

John J. Gideon (0008151)
(Trial Attorney)
1093 South Fourth Street
Columbus, Ohio 43206-2621
(614) 444-9906

and

Michael W. Krumholtz (0009099)
(Co-Counsel)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
(937) 223-3277

# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

### CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | (Judge Schweikert) |
| vs. | : | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY DISMISSING SUCCESSIVE PETITION FILED PURSUANT TO ATKINS V. VIRGINIA |
| JAMES DERRICK O'NEAL | : | |
| Defendant-Petitioner | : | |

This motion came before the Court on the petition to vacate or set aside judgment filed pursuant to Atkins v. Virginia[1] and State v. Lott[2]. The Court has reviewed the entire record in this matter, including any and all evidence relating to O'Neal's mental status that was produced at pre-trial, trial, at the mitigation hearing, and submitted with his Atkins petition. The Court has also reviewed the State of Ohio's Memorandum in Opposition to the Petition, and O'Neal's Reply Memorandum.

Based upon the above, the Court makes the following Findings of Fact:

James O'Neal was indicted on December 16, 1993, by a Hamilton County Grand Jury. The indictment charged O'Neal as follows:

Count 1 of the indictment charged O'Neal with purposely causing the death of Carol O'Neal during the commission of an aggravated burglary (R.C. 2903.01(A)). Count 1 also carried two death

---

[1] (2002), 122 S.Ct. 224

[2] (2002), 93 Ohio St.3d 303

1.

penalty specifications: one alleged a course of conduct involving the purposeful attempt to kill two or more persons (R.C. 2929.04(A)(5)); and a second alleged murder during an aggravated burglary (R.C. 2929.04(A)(7)). Count 2 of the indictment charged O'Neal with purposely causing the death of Carol with prior calculation and design (R.C. 2903.01(B)). Count 2 also carried the same two death penalty specifications as count 1. O'Neal was also indicted on one count of attempted murder of Carol's son, Ricardo, (count 3) and one count of aggravated burglary (count 4). Each count in the indictment also carried a firearm specification.

The jury found O'Neal guilty of both counts of aggravated murder (counts 1 and 2), both aggravated burglary death penalty specifications, three of the firearm specifications, and the aggravated burglary charge (count 4). The jury found O'Neal not guilty of attempted murder (count 3) and the course-of-conduct death penalty specifications.

Following a penalty hearing, the jury recommended that O'Neal be sentenced to death on both aggravated murder counts. This court conducted an independent review of the evidence pursuant to R.C. 2929.03(F) and accepted the jury's recommendation and imposed the sentence of death. For the aggravated burglary charge (count 4) and firearm specifications, O'Neal was sentenced in accordance with the law. On appeal, the court of appeals affirmed.

The Ohio Supreme Court affirmed the judgment and the United States Supreme Court denied O'Neal's petition for Writ of Certiorari on May 21, 2001.

This Court denied O'Neal's initial post-conviction petition on February 17, 1998. This judgment was ultimately affirmed by the First District Court of Appeals. The Ohio Supreme Court denied jurisdiction on March 8, 2000.

ENTERED & SCANNED
APR - 7 2004
IMAGE

On November 15, 2002, O'Neal filed his <u>First Successive Petition to Vacate or Set Aside Sentence</u> based upon the United States Supreme Court's decision in <u>Atkins v. Virginia</u>[3].

O'Neal is represented in this petition by John J. Gideon and Michael W. Krumholtz. O'Neal's sole ground for relief is that he is mentally retarded and, therefore, can not be executed under the United State's Supreme Court's ruling in <u>Atkins v. Virginia</u>[4].

In support of his petition, O'Neal has submitted no material, affidavits or documentation. O'Neal refers to the trial record to support his claim.

O'Neal cites to the mitigation phase testimony of Dr. David Chiappone, a clinical psychologist, to support his claim. O'Neal notes that Dr. Chiappone said O'Neal "scored in what are called the border range of mental retardation." (T.p. 981) Dr. Chiappone testified that O'Neal suffered from "borderline mental retardation based on the IQ test and substantiated by his educational data". (T.p. 987) The doctor testified that O'Neal lacked coping skills.

O'Neal also cites to the mitigation phase testimony of Dr. Robert Tureen, a clinical neuropsychologist. Dr. Tureen, O'Neal notes, testified that O'Neal had "minimal cerebral dysfunction" and functioned "in the borderline to mildly retarded range". (T.p. 1002) Dr. Tureen also testified that O'Neal has limitations and difficulties adjusting to and coping with the world.

This Court has thoroughly reviewed the testimony of Dr. Chiappone and Dr. Tureen. The Court finds that Dr. Chiappone specifically testified that O'Neal is not retarded. (T.p. 981, 992) Dr. Chiappone testified that O'Neal functions much higher than his attained IQ and when O'Neal wants to, he can work - and work well. The doctor noted that O'Neal's work record is a reflection of this.

---

[3] (2002) 122 S.Ct. 2242

[4] supra



ENTERED & SCANNED
APR - 7 2004
IMAGE 284

(T.p. 992) The Court finds that O'Neal worked at Aerotek for consecutive years earning "employee of the month" honors in January 1991. O'Neal also worked at the Kenwood County Club earning a reputation as a solid worker with a strong work ethic. (T.p. 959)

The Court finds Dr. Tureen's testimony consistent with these facts. Dr. Tureen testified that while O'Neal has a mild cerebral problem (T.p. 1001), O'Neal is capable of performing well in rote tasks. (T.p. 1004) Dr. Tureen noted that O'Neal is in the borderline range of mild mental retardation - in the 70-72 range. (T.p. 1009)

The Court finds that O'Neal worked various jobs in an effort to provide for his family and keep his family together. (T.p. 921-925, 934-935)

The Court finds that the Ohio Supreme Court specifically acknowledged that O'Neal (after years of selling drugs) attempted to turn his life around, become a responsible citizen and take custody of his children. The Ohio Supreme Court acknowledged that O'Neal encouraged his children to get an education and he attempted legitimate, steady employment after prison.

The Court finds that the Ohio Supreme Court specifically noted that O'Neal is not mentally retarded.

The Court finds that there is no evidence that O'Neal is unable to function or care for himself.

In State v. Lott[5], the Ohio Supreme Court set forth the standards and procedural guidelines for determining whether convicted petitioners facing the death penalty are mentally retarded. Clinical definitions of mental retardation provide a standard for evaluating an individual's claim of mental retardation. These definitions require (1) significantly sub-average intellectual functioning;

---

[5] 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011

4.

ENTERED & SCANNED APR - 7 2004 IMAGE

(2) significant limitations in two or more adaptive skills, such as communication, self-care, and self-direction; and (3) onset before the age of 18. There is a rebuttable presumption that a defendant is not mentally retarded if his or her IQ is above 70.

Based upon the above findings of fact and standard of law, the Court makes the following Conclusions of Law:

(1)     There is a rebuttable presumption that James O'Neal is not mentally retarded;

(2)     James O'Neal does not suffer from significantly sub-average intellectual functioning;

(3)     James O'Neal does not suffer from significant limitations with respect to his adaptive skills, such as communication, self-care and self-direction.

(4)     James O'Neal is capable of functioning as a normal person and was able to do so before age 18;

(5)     James O'Neal has not met the minimum threshold standards for demonstrating mental retardation and, thus, is not entitled to an evidentiary hearing on this issue.

Based on the above findings of fact and conclusions of law, the Court hereby denies James O'Neal's first successive petition to vacate or set aside judgment filed pursuant to Atkins v. Virginia[6]

---

[6] supra.



ENTERED & SCANNED
APR - 7 2004

5.