You Are Not Currently Logged In.  Log In He



Directions | Policies | Sitemap

**SEARCH**

Hamilton County Courthouse
1000 Main Street
Cincinnati, OH 45202

⌐ Home | ⌐ Court Records | ⌐ Court Date | ⌐ Forms | ⌐ Services | ⌐ Division Info

## Case Summary

| | |
|---|---|
| **Case Number:** | B 9309022 |
| **Case Caption:** | STATE OF OHIO vs. JAMES DERRICK ONEAL |
| **Judge:** | RALPH WINKLER |
| **Filed Date:** | 12/16/1993 |
| **Case Type:** | 0005 - WARRANT ON INDICTMENT |
| **Race:** | BLACK - AFRICAN AMERICAN |
| **Sex:** | M |
| **Age:** | 52 |
| **Date of Birth:** | 7/10/1954 |
| **Count 1:** | AGGRAVATED MURDER 2903-01 ORCN |
| **Disposition:** | 12/11/1995 3DOC DEPARTMENT OF CORRECTIONS |
| **Count 2:** | AGGRAVATED MURDER 2903-01 ORCN |
| **Disposition:** | 12/11/1995 3DOC DEPARTMENT OF CORRECTIONS |
| **Count 3:** | ATTEMPT 2923-02 ORCN |
| **Disposition:** | 12/11/1995 3DOC DEPARTMENT OF CORRECTIONS |
| **Count 4:** | AGGRAVATED BURGLARY F1 2911-11 ORCN |
| **Disposition:** | 12/11/1995 3DOC DEPARTMENT OF CORRECTIONS |

### Case Options

Case History

⋙ Document Request Form

Case Schedules

Case Documents

Party/Attorney Information

New Case Search

New Name Search

Add Case to My Portfolio

## Case History

Printer Friendly Version

| Doc | Image# | Date | Description | Amount |
|---|---|---|---|---|
| 🖶 | | 5/22/2007 | COPY OF ENTRY DECLINING JURISDICTION AND DISMISSING APPEAL, FILED IN THE SUPREME COURT OF OHIO ON 05/02/07, SC# 2007-0080 | |
| 🖶 | | 1/26/2007 | NOTICE OF APPEAL OF APPELLANT JAMES DERRICK O'NEAL, FILED IN THE SUPREME COURT OF OHIO ON 01/16/07, SC# 07-0080 | |
| 🖶 | | 12/6/2006 | CRIMINAL STATE COSTS SATISFIED | |
| 🖶 | | 12/1/2006 | JUDGMENT ENTRY AND DECISION AFFIRMING JUDGMENT TO TRIAL COURT C-050840 12-01-06 ***COPIES SENT TO DOC AND DEFENDANT ON 12/07/06, RSR*** | |
| 🖶 | | 12/12/2005 | COURT OF APPEALS OF HAMILTON COUNTY CASE NO. C-050840 | |
| 🖶 | | 12/9/2005 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED | |
| 🖶 | | 12/2/2005 | COMPLETE TRANSCRIPT OF PROCEEDINGS C-050840 1 VOL. | |
| 🖶 | | 10/25/2005 | PRAECIPE OF DEFENDANT- APPELLANT JAMES DERRICK O'NEAL | |
| 🖶 | | 10/25/2005 | AFFIDAVIT OF INDIGENCY | |
| 🖶 | | 10/24/2005 | NOTICE OF APPEAL FILED NO. C050840 COPY SENT TO HAMILTON COUNTY PROSECUTOR | |

O'Neal Apx. Vol. VIII
Page 1

| | 11 | 10/12/2005 | ENTRY ORDERING RETURN OF INMATE TO INSTITUTION |
|---|---|---|---|
| | | 9/26/2005 | NOTICE OF APPEALABLE JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES ENTITLED TO A COPY. |
| | 12 | 9/26/2005 | DECISION DENYING DEFT'S MOTION TO VACATE OR SET ASIDE HIS DEATH SENTENCE |
| | | 6/14/2005 | POST-ATKINS HEARING BRIEF. |
| | | 6/7/2005 | PETITIONER JAMES O'NEAL'S POST-HEARING BRIEF. |
| | | 5/31/2005 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | | 5/17/2005 | NOTICE OF CHANGE OF ADDRESS OF COUNSEL FOR DEFENDANT. |
| | 2 | 4/6/2005 | ENTRY ORDERING RETURN OF INMATE FOR HEARING |
| | | 1/27/2005 | REPORT OF EXAMINER PURSUANT TO LAW. REPORT LOCATED IN CLERK OF COURTS OFFICE RM 315. |
| | 468 | 10/15/2004 | ENTRY APPOINTING COURT CLINIC FORENSIC SERVICES FOR EXAMINATION |
| | 2 | 10/15/2004 | ENTRY ORDERING RETURN OF DEFT FOR COURT PROCEEDINGS |
| | 116 | 10/14/2004 | ENTRY OF CONTINUANCE 1/19/05 |
| | | 8/13/2004 | ENTRY DISMISSING APPEAL BY AGREEMENT AND WITHOUT PREJUDICE AND REMANDING CASE TO TRIAL COURT FOR EVIDENTIARY HEARING C-040286 IMAGE# 57 08/13/2004 ***COPY SENT TO DOC AND DEFENDANT ON 08/24/04, RSR*** |
| | | 6/22/2004 | COURT OF APPEALS OF HAMILTON COUNTY CASE NO. C040286 |
| | | 5/7/2004 | NOTICE OF APPEAL FILED NO. C040286 COPY SENT TO HAMILTON COUNTY PROSECUTOR |
| | | 5/7/2004 | PRAECIPE OF DEFENDANT -APPELLANT JAMES DERRICK O'NEAL |
| | | 4/8/2004 | NOTICE OF APPEALABLE JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES ENTITLED TO A COPY. |
| | 282 | 4/7/2004 | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY DISMISSING SUCCESSIVE PETITION FILED PURSUANT TO ATKINS V VIRGINIA |
| | 281 | 4/7/2004 | ENTRY OVERRULING MOTION FOR FUNDING MENTAL RETARDATION EXPERT AND DISCOVERY |
| | | 6/10/2003 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN RESPONSE TO THE PLAINTIFF'S MEMORANDUM IN OPPOSITION. |
| | | 6/3/2003 | MEMORANDUM IN OPPOSITION TO FIRST SUCCESSIVE PETITION TO VACATE JUDGMENT OR SENTENCE. |
| | | 6/3/2003 | MOTION TO ACCEPT RESPONSE OF PLAINTIFF INSTANTER |
| | 243 | 5/8/2003 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL 5/21/03 |
| | | 4/24/2003 | MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE. |
| | 346 | 3/4/2003 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL MARCH 21,2003 |
| | | 3/3/2003 | MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE. |
| | 247 | 2/4/2003 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL 2/17/03 |
| | | 2/3/2003 | MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE. |
| | 165 | 1/7/2003 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL 2/3/03 |
| | | 12/30/2002 | MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE. |

O'Neal Apx. Vol. VIII
Page 2

| | 212 | 12/10/2002 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL DECEMBER 30,2002 |
| | 242 | 11/26/2002 | ENTRY GRANTING: ADDITIONAL TIME TO FILE RESPONSE UNTIL 12/30/02 |
| | | 11/25/2002 | MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE. |
| | | 11/15/2002 | FIRST SUCCESSIVE PETITION TO VACATE OR SET ASIDE JUDGMENT AND/OR SENTENCE PURSUANT TO OHIO REVISED CODE SECTIONS 2953.21 AND 2953.23 |
| | | 5/15/2000 | RECEIPT OF EXHIBITS 3 MANILLA ENVELOPES RECEIVED BY JERRY COSTA |
| | | 5/15/2000 | RECEIPT OF RECORD OPX 1 BOX AND 1 POSTER |
| | | 5/15/2000 | RECEIPT OF RECORD OPX 1 CASE FILE |
| | | 3/24/2000 | COPY OF ENTRY DISMISSING APPEAL; FILED IN THE SUPREME COURT OF OHIO ON 3/8/00 SC#99-906 |
| | | 3/24/2000 | COPY OF JUDGMENT ENTRY AFFIRMING JUDGMENT OF THE COURT OF APPEALS; FILED IN THE SUPREME COURT OF OHIO ON 3/8/00 SC#98-1735 |
| | | 3/24/2000 | COPY OF MANDATE TO THE COURT OF APPEAL OF HAMILTON COUNTY, OHIO TO CARRY JUDGMENT TO EXECUTION; FILED IN THE SUPREME COURT OF OHIO ON 3/8/00 SC#98-1735 |
| | | 2/22/2000 | COPY OF ENTRY GRANTING STAY OF EXECUTION; FILED IN THE SUPREME COURT OF OHIO ON 2/17/00 SC#98-147 |
| | | 2/18/2000 | COPY OF RECONSIDERATION ENTRY DENYING MOTION; FILED IN THE SUPREME COURT OF OHIO ON 2/16/00 SC#98-147 |
| | | 2/18/2000 | COPY OF JUDGMENT ENTRY; FILED IN THE SUPREME COURT OF OHIO ON 1/5/00 SC#98-147 |
| | | 2/18/2000 | COPY OF MANDATE; FILED IN THE SUPREME COURT OF OHIO ON 2/18/00 SC#98-147 |
| | | 5/14/1999 | COPY OF NOTICE OF APPEAL OF APPELLANT JAMES DERRICK O'NEAL; FILED IN THE SUPREME COURT OF OHIO ON 5/10/99 SC#99-906 |
| | | 3/26/1999 | JUDGMENT ENTRY & DECISION AFFIRMING JUDGMENT OF TRIAL COURT (C980247 3/26/99 #114) |
| | | 8/27/1998 | COPY OF NOTICE OF APPEAL OF APPELLANT JAMES DERRICK O'NEAL FILED IN THE SUPREME COURT OF OHIO ON 8/21/98 SC #98-1735 |
| | | 4/20/1998 | COURT OF APPEALS OF HAMILTON COUNTY CASE NO. C-980247 |
| | | 3/18/1998 | DOCKET STATEMENT FILED. C980247 |
| | | 3/18/1998 | NOTICE OF APPEAL FILED NO. C980247 COPY SENT TO HAMILTON COUNTY PROSECUTOR |
| | 213 | 2/17/1998 | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DISMISSING PETITION TO VACATE |
| | | 1/26/1998 | COPY OF NOTICE OF APPEAL TO THE SUPREME COURT OF OHIO FILED ON 1/21/98 S.C. # 98-0147 |
| | 51 | 1/16/1998 | ENTRY APPOINTING COUNSEL FOR SUPREME COURT APPEAL ELIZABETH AGAR COUNSEL & ROXANN DIEFFENBACH CO-COUNSEL |
| | | 1/8/1998 | DEATH PENALTY CASE. NOTICE OF APPEARANCE OF POSTCONVICTION COUNSEL. |
| | 109 | 12/19/1997 | ENTRY APPOINTING COUNSEL FOR SUPREME COURT APPEAL ELIABETH E AGAR & ROXANN DIEFFENBACH |
| | | 12/12/1997 | JUDGMENT ENTRY AFFIRMING JUDGMENT OF TRIAL COURT 12-03-97 #3 (C960392) |
| | | 9/16/1997 | MOTION TO DISMISS PETITION TO VACATE |
| | | 9/3/1997 | AMENDMENT TO PETITION FOR POSTCONVICTION RELIEF UNDER |

O'Neal Apx. Vol. VIII
Page 3

| | | R.C. 2953.21 |
|---|---|---|
| | 7/7/1997 | MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING. |
| 0173 | 7/7/1997 | ENTRY EXTENDING TIME UNTIL 9/25/97 TO FILE RESPONSE TO POST-CONVICTION |
| | 7/2/1997 | PETITION FOR POST-CONVICTION RELIEF UNCER R.C.2953.21 |
| | 6/10/1997 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 5/13/1997 | COMPLETE TRANSCRIPT OF PROCEEDINGS #C960392 |
| | 1/3/1997 | MOTION TO SUPPRESS C960392 |
| | 11/1/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 11/1/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 10/30/1996 | COMPLETE TRANSCRIPT OF PROCEEDINGS (PRETRIAL MOTIONS)(2 VOLS) C960392 |
| | 10/29/1996 | COMPLETE TRANSCRIPT OF PROCEEDINGS VOLUMES I THRU V #C960392 |
| | 9/30/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 9/30/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 8/19/1996 | COURT OF APPEALS OF HAMILTON COUNTY CASE NO. C-960392 |
| 0042 | 7/20/1996 | ENTRY APPROVING COUNSEL FEES $17000 |
| 0028 | 7/1/1996 | ENTRY ALLOWING ADDITIONAL COMPENSATION |
| 0294 | 6/15/1996 | ENTRY APPROVING COUNSEL FEES $12500 |
| 0101 | 6/10/1996 | ENTRY ALLOWING ADDITIONAL COMPENSATION |
| | 5/22/1996 | DOCKET STATEMENT FILED. C960392 |
| | 5/22/1996 | NOTICE OF APPEAL FILED NO. C960392 COPY SENT TO HAMILTON COUNTY PROSECUTOR |
| 0011 | 5/10/1996 | ENTRY RESETTING EXECUTION DATE FROM 5/30/96 TO 11/5/96 |
| 0043 | 5/10/1996 | ENTRY OVERRULING MOTION FOR NEW TRIAL |
| | 4/26/1996 | CRIMINAL STATE COSTS SATISFIED |
| | 4/22/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 4/22/1996 | CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT - FILED |
| | 4/12/1996 | MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL. |
| 0016 | 12/22/1995 | OPINION |
| 0064 | 12/18/1995 | ENTRY DENYING: DEFT'S MOTION FOR NEW TRIAL |
| | 12/14/1995 | MOTION FOR NEW TRIAL. |
| 0013 | 12/11/1995 | JUDGMENT ENTRY: SENTENCE: INCARCERATION CT 1 AGG MURDER SENT DEATH. CT 2 AGG MURDER SENT DEATH. CT 4 AGG BURGLARY 10 TO 25YRS (10YRS ACTUAL) 3YRS ACTUAL ON FIREARM SPEC. IN CTS 1,2,& 4 CONCURR. W/EACH OTHER BUT CONSEC. TO & PRIOR TO UNDERLY.SENT IN CTS 1,2,& 4. CTS 1 & 2CONCURR. CT 4 CONSEC.CTS 1 & 2CREDIT 730DYS. PAY COSTS. |
| 0073 | 12/11/1995 | ENTRY GRANTING: DEFT'S MOTIONS |
| 0017 | 12/11/1995 | ENTRY APPOINTING APPELLATE COUNSEL. DALE SCHMIDT & ELIZABETH AGAR |
| 0075 | 12/11/1995 | APPLIC. REQUESTING PERMISSION TO BROADCAST,TELEVISE,PHOTO., RECORD COURTROOM PROCEEDINGS. WLWT-TV |
| 0097 | 12/11/1995 | ENTRY OVERRULING DEFT'S MOTIONS |
| 0233 | 11/29/1995 | AMENDED ENTRY AUTHORIZING APPOINTMENT OF EXPERT AND PAYMENT OF FEES FOR SAME. |
| 0014 | 11/28/1995 | ENTRY AUTHORIZING APPOINTMENT OF EXPERT OF PAYMENT OF |

O'Neal Apx. Vol. VIII
Page 4

FEES FOR SAME

| 0255 | 11/21/1995 | ENTRY APPOINTMENT OF EXPERT AND PAYMENT OF FEES FOR SAME |
| 0258 | 11/21/1995 | ENTRY AUTHORIZING APPOINTMENT OF EXPERT & PAYMENT OF FEES FOR SAME |
| 0131 | 11/8/1995 | JURY VERDICT OF CT 1 WAS FOUND GUILTY OF COMMITTING IS SUFFICIENT TO OUTWEIGH THE MITIGATING FACTORPRESENT IN THIS CASE, & WE THEREFORE RECOMMEND THAT THE SSNT OF DEATH TO BE IMPOSED. |
| 0158 | 11/8/1995 | CAUSE CONCLUDED SENTENCE DEFERRED UNTIL 12/11/95. REMANDED. |
| 0132 | 11/8/1995 | JURY VERDICT OF WAS FOUND GUILTY OF COMMITTINGIS SUFFICIENT TO OUTWEIGHT THEMITIGATING FACTORS PRESENT IN THIS CASE, & WE THEREFORE RECOMMEND THAT THE SENT OF DEATH BE IMPOSED |
| 0136 | 11/6/1995 | CAUSE PROGRESSED 9TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 11/8/95 |
| 0093 | 11/2/1995 | JURY VERDICT OF GUILTY AGG BURLGARY CT 4. WE, THE JURY FURTHER FIND THATTHE DEFT DID HAVE ON OR ABOUT HIS PERSON, OR UNDER HIS CONTROL, A FIREARM WHILE COMMITTING THE OFFENSE OF AGG BURGLARY |
| 0095 | 11/2/1995 | JURY VERDICT OF NOT GUILTY OF AGG MURDER IN CT 3 |
| | 11/2/1995 | FURTHER FIND THAT THE DEFT DIDHAVE ON OR ABOUT HIS PERSON, OR UNDER HIS CONTROL, A FIREARM WHILE COMMITTING THE OFFENSE OF AGG MURDER IN CT 2 |
| | 11/2/1995 | AS SET FORTHE IN CP 2 CT 1 TO WIT' THAT THE DEFT AS THE PRIINCIPAL OFFENDER COMMITTED THE OFFENSE OF AGG MURDER OF CAROL ANN LEE O'NEAL WHILE THEDEFT WAS COMMITTING OR ATTEMPTING TO COMMIT OR FLEEINIMMEDIATELY AFTER COMMITTING OR ATTEMPTING TO COMMIT THE OFFENSE OF AGG. BURGLARY. WE |
| 0200 | 11/2/1995 | CASE CONT' IN PROGRESS UNTIL 11/6/95. |
| 0201 | 11/2/1995 | JUDGMENT OF ACQUITTAL OF VERDICT *** CT 3 & SPEC TO CT 3 & SPEC 1 TO EACH CTS 1 & 2 ONLY *** |
| 0114 | 11/2/1995 | CAUSE PROGRESSED 8TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 11/6/95 |
| | 11/2/1995 | THE JURY FURGHER FIND THAT THEDEFT DID HAVE ON OR ABOUT HIS PERSON, OR UNDER HIS CONTROL, A FIREARM WHILE COMMITTING THEOFFENSE OF AGG MURDER IN CT 1 |
| 0100 | 11/2/1995 | JURY VERDICT OF GUILTY AGG MURDER IN CT 1. WE,THE JURY FURTHER FIND THE DEFTNOT GUILTY OF AGG CIRCUMSTANCEAS SET FORTH IN SPEC 1 TO CT 1TO WIT; A COURSE OF CONDUCT INVOLVING THE PURPOSEFUL KILLING OR ATTEMPT TO KILL TWOOR MORE PERSONS BY DEFT. WE THE JURY FURTHER FIND DEFT GUILTY OF THE AGG CIRCUMSTANCE |
| | 11/2/1995 | IN SPEC 2 TO CT 2 TO WIT' THAT THE DEFT AS THE PRINCIPALOFFENDER COMMITTED THE OFFENSEOF AGG MURDER OF CAROL ANN LEE O'NEAL WHILE THE DEFT WAS COMMITTING OR ATTEMPTING TO COMMIT OR FLEEING IMMEDIATELY AFTER COMMITTING OR ATTEMPTINGTO COMMIT THE OFFENSE OF AGG. BURLGLARY. WE, THE JURY |
| 0096 | 11/2/1995 | JURY VERDICT OF GUILTY AGG MURDER CT 2. WE,THEJUEY FIND THE DEFT NOT GUILTY OF AGG CIRCUSTANCES AS SET FORTH IN SPEC NO 1 TO CT 2 TO WIT: A COURSE OF CONDUCT INVOLVING THE PURPOSEFUL KILLING OR ATTPT TO KILL TWO OR MORE PERSONS. WE, THE JURY FIND THE DEFT GUILTY OF THE AGG CIRCUMSTANCES AS SET FORTH |
| 0168 | 11/1/1995 | CAUSE PROGRESSED 6TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 11/1/95 |
| 0231 | 11/1/1995 | CAUSE PROGRESSED 7TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 11/2/95 |

|  | 10/30/1995 | DEFENDANT'S REQUEST FOR ADDITIONAL INSTRUCTION. |
| 0341 | 10/30/1995 | CAUSE PROGRESSED 5TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 10/31/95 |
| 0259 | 10/27/1995 | CAUSE PROGRESSED 4TH DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 10/30/95 |
| 0457 | 10/26/1995 | CAUSE PROGRESSED 3RD DAY CONTINUED TO 10/27/95 |
| 0310 | 10/25/1995 | ORDER FOR JURY TO VIEW PREMISES |
| 0386 | 10/25/1995 | JURY IMPANELED AND SWORN ON VOIR DIRE JURY IMPANELED & SWORN |
| 0387 | 10/25/1995 | CAUSE PROGRESSED 2ND DAY, TESTIMONY ADDUCED IN PART & CONT' UNTIL 10/26/95 |
| 0172 | 10/24/1995 | ENTRY REQUESTING OFFICIAL STENOGRAPHER |
| 0175 | 10/24/1995 | CAUSE PROGRESSED 1ST DAY, JURY SELECTION IN PROGRESS TESTIMONY ADDUCED IN PART & CONT' UNTIL 10/25/95 |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED JAMIE WRIGHT |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANDRE GRIFFIN |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED RICARDO LEE |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED LASHAUNDA LEE |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLARENCE CODY |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED SANCHEZ LEE |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED PATRICIA CARR |
|  | 9/26/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED TIMOTHY SCHOPMEYER |
|  | 9/25/1995 | SUBPOENA FOR WITNESS ISSUED TO PATRICIA CARR JAMIE WRIGHT TIMOTHY SCHOPMEYER SANCHEZ LEE LASHAUNDA LEE CLARENCE CODY RICARDO LEE ANDRE GRIFFIN |
|  | 8/24/1995 | SUBPOENA FOR WITNESS ISSUED TO NATALIE LEE, ANDRE GRIFFIN RETHA LEE, RICARDO LEE CLEMY LEE, CLARENCE CODY LASHAUNDA LEE, SANCHEZ LEE PATRICIA CARR, PATRICIA CARR ANITA ARTIS, DANTOINE POSEY JAMIE WRIGHT, TIMOTHY SCHOPMEYER |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED NATALIE LEE |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANDRE GRIFFIN |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLEMY LEE |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLARENCE CODY |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED RETHA LEE |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANITA ARTID |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED TIMOTHY SCHOPMEYER |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED DANTOINE POSEY |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED PATRICIA CARR |
|  | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED RICARDO LEE |

| | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED LASHAUNDA LEE |
| | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED SANCHEZ LEE |
| | 8/24/1995 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED JAMIE WRIGHT |
| 0508 | 8/3/1995 | SUPREME COURT OF OHIO ENTRY DENIES LEAVE FOR APPEAL & APPEAL IS DISMISSED |
| 0127 | 7/26/1995 | ENTRY OF CONTINUANCE 10/23/95 |
| 0023 | 5/4/1995 | ENTRY APPOINTING COUNSEL FOR SUPREME COURT APPEAL |
| 0430 | 5/1/1995 | ENTRY OF CONTINUANCE 8/21/95 |
| | 4/26/1995 | JUDGMENT ENTRY & OPINION REVERSING JUDGMENT & REMANDINGTO TRIAL COURT (C940652 4/26/95 #2) |
| 0009 | 11/2/1994 | ENTRY |
| 0010 | 11/2/1994 | ENTRY |
| | 10/27/1994 | APPLICATION FOR PAYMENT OF MITIGATION SPECIALIST |
| | 9/14/1994 | COURT OF APPEALS OF HAMILTON COUNTY CASE NO. C-940652 |
| 0018 | 8/16/1994 | ENTRY APPOINTING APPELLATE COUNSEL. ELIZABETH E AGAR |
| 0023 | 8/16/1994 | ENTRY GRANTING: DISMISSAL & STAY TOLLING TIME FOR PURPOSES OF APPEAL |
| | 8/16/1994 | DOCKET STATEMENT FILED. C940652 |
| 0064 | 8/16/1994 | APPLIC. REQUESTING PERMISSION TO BROADCAST,TELEVISE,PHOTO., RECORD COURTROOM PROCEEDINGS. CINTI POST |
| 0127 | 8/16/1994 | ENTRY OF CONTINUANCE 8/16/94 |
| | 8/16/1994 | NOTICE OF APPEAL FILED NO. C940652 COPY SENT TO HAMILTON COUNTY PROSECUTOR |
| | 8/11/1994 | STATE'S RESPONSE TO DEFENDANT'S DEMAND FOR DISCOVERY. |
| | 8/11/1994 | MOTION WITHDRAWING DEFENDANT'S REQUEST FOR THREE JUDGE PANEL AND REQUESTING A TRIAL BY JURY |
| 0157 | 8/11/1994 | ENTRY WITHDRAWING REQUEST FOR THREE JUDGE PANEL & REQUESTING JURY TRIAL |
| | 7/28/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED DANTOINE POSEY |
| | 7/25/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED NATALIE LEE |
| | 7/25/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANITA ARTIS |
| | 7/25/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ARLENE BENNETT |
| | 7/25/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED KENNETH TAYLOR |
| | 7/25/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED TIMOTHY SCHOPMEYER |
| | 7/22/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED DWIGHT HILL |
| | 7/22/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED BY FOREIGN SHERIFF CLERMONT COUNTY SERVED KAREN HUDSON |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED JAMIE WRIGHT |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ROBERT WILLIAMS |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED LASHAWADA LEE |

O'Neal Apx. Vol. VIII
Page 7

| | | |
|---|---|---|
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLARENCE CODY |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED RICHARDO LEE |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLEMY LEE |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANDRE GRIFFIN |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED SANCHEZ LEE |
| | 7/21/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED PATRICIA CARR |
| | 7/20/1994 | SUBPOENA FOR WITNESS ISSUED TO CLEMY LEE, NATALIE LEE, ANDRE GRIFFIN, RICHARDO LEE, CLARENCE CODY, LASHAWNDA LEE, SANCHEZ LEE, ROBERT WILLIAMS, KENNETH TAYLOR, ANITA ARTIS, PATRICIA CARR, DANTOINE POSEY, JAMIE WRIGHT, ARLENE BENNETT, DWIGHT HILL, TIMOTHY SCHOPMEYER |
| | 7/20/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED BY FOREIGN SHERIFF CLERMONT COUNTY SERVED KAREN HUDSON |
| | 7/20/1994 | SUBPOENA FOR WITNESS ISSUED TO PREPAID WITNESS KAREN HUDSON |
| 0170 | 6/16/1994 | ENTRY OVERRULING MOTION TO SUPPRESS. |
| 0167 | 5/27/1994 | ENTRY OF CONTINUANCE 6/16/94 |
| 0009 | 5/26/1994 | ENTRY AUTHORIZING APPOINTMENT OF EXPERT AND PAYMENT OF FEES FORSAME |
| 0074 | 5/9/1994 | ENTRY OF CONTINUANCE 8/15/94 |
| 0187 | 5/6/1994 | CERTIFICATION BY TRIAL ATTYS- DEATH PENALTY CASE JURY WAIVER |
| | 5/5/1994 | STATE'S RESPONSE TO MOTION TO DISMISS |
| | 4/29/1994 | MOTION TO DISMISS AGGRAVATED BURGLARY(2911.11,R.C. ) SPECIFICATION 2 TO COUNT 1: SPECIFICATION 2 TO COUNT 2 |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARACTER OF THE VICTIM |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR WRITTEN JURY INSTRUCTION |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANTSMOTION TO ALLLOW DEFENSE TO VIEW CRIME SCENE |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANTSMOTION TO PRESERVE AND CATALOGALL PHYSICAL EVIDENCE |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENSE MOTION TO ALLOW DEFENSE TO ARGUE FIRST AND LAST |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO HAVE REASONS FOR DEFENSE OBJECTIONSAND REASONS FOR OVERRULING DEFENDANT'S OBJECTIONS PLACED OF RECORD |
| | 4/25/1994 | STATE'S RESPONSE TO MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA |
| | 4/25/1994 | STATE'S RESPONSE TO DEFANDANT'S MOTION TO INSTRUCT THE JURY TO CONSIDER MERCY IN ITS MITIGATION PHASE DELIBERATIONS |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO APPOINT NEUROPSYCHOLOGIST |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS |
| | 4/25/1994 | STATE'S RESPONSE TO DEFANDANT'S MOTION FOR COMPREHENSIVE VOIR DIRE |

O'Neal Apx. Vol. VIII
Page 8

| | 4/25/1994 | STATE'S RESPONSE TO DEFANDANT'S MOTION TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCES PROVEN AT THE FIRST PHASE |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION |
| | 4/25/1994 | STATE'S RESPONSE TO DEFANDANT'S MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN OVER AND ADVISE .PROSECUTING ATTORNEY OF ALL INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE |
| | 4/25/1994 | STATE'S REPLY IN OPPOSITION TO THE DEFENDANT'S MOTION FOR DISCLOSING WITNESS STATEMENTS PRIOR TO TRIAL |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE REFERENCES TO DEFENDANT'S CRIMINAL RECORD AND TO EXCLUDEANY EVIDENCE RELATING TO OTHERCRIMES,WRONGS OR ACTS. |
| | 4/25/1994 | STATE'S REPLY TO DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO PROHIBITDISPLAY OF EVIDENTIARY EXHIBITS UNTIL ADMITTED |
| | 4/25/1994 | STATE'S RESPONSE TO MOTION RULING ON NUMBER OF PEREMPTORYCHALLENGES |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO INSULATETHE VENIRE AND JURY |
| | 4/25/1994 | STATE'S RESPONSE TO MEMORANDUMFOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS |
| | 4/25/1994 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL PROSECUTOR TO DISCLOSE DEATH PENALTY DATA |
| 0059 | 4/19/1994 | ENTRY AUTHORIZING APPOINTMENT OF EXPERT AND PAYMENT OF FEES FORSAME |
| 0061 | 4/19/1994 | ENTRY WITHDRAWING JURY DEMAND & REQUESTING THREE-JUDGE PANEL |
| | 4/15/1994 | MOTION TO SUPPRESS EVIDENCE INCLUDINGBUT NOT LIMITED TO STATEMENTS AND PHYSICAL EVIDENCE ON THE GROUNDS THAT IT WAS ILLEGALLY OBTAINED |
| | 4/15/1994 | MOTION TO EMPLOY EXPERTS AND AUTHORIZE PAYMENT OF FEES OF SAME |
| | 4/15/1994 | MOTION IN LIMINE TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARCTER OF THE VICTIM. |
| | 4/11/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED JAMIE WRIGHT, |
| 0030 | 4/8/1994 | ENTRY ORDERING RELEASE OF RECORDS. |
| | 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED FCLARENCE CODY, |
| | 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ARLENE BENNETT, |
| | 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED TOMOTHY SCHOPMEYER, |

| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED DARION LEE, |
|---|---|
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED KENNETH TAYLOR, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED LASHAWNDA LEE, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED DWIGHT HILL, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED NATALIE LEE, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED RICARDO LEE, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED SANCHEZ LEE, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ROBERT WILLIAMS, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED PATRICIA EARR, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANITA ARTIS, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ANDRE GIFFIN, |
| 4/8/1994 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED CLEMY LEE, |
| 4/6/1994 | SUBPOENA FOR WITNESS ISSUED TO CLEMY LEE NATALIE LEE ANDRE GIFFIN RICARDO LEE CLARENCE CODY LASHAWNDA LEE SANCHEZ LEE ROBERT WILLIAMS KENNETH TAYLOR ANITA ARTIS |
| 4/6/1994 | SUBPOENA FOR WITNESS ISSUED TO PREPAID WITNESS KAREN HUDSON |
| 4/6/1994 | SUBPOENA FOR WITNESS ISSUED TO PATRICIA FARR DARION LEE JAMIE WRIGHT ARLENE BENNETT DWIGHT HILL TIMOTHY SCHOPMEYER |
| 3/28/1994 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA, |
| 3/28/1994 | MOTION FOR A RULING ON NUMBER OF PEREMPTORY CHALLENGES, |
| 3/28/1994 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE, |
| 3/28/1994 | MOTION TOHAVE REASONS FOR DEFENSE OBJECTING AND REASONS FOR OVERRULING DEFENSE ONJECTIONS PLACED ON RECORD, |
| 3/28/1994 | MOTION TO COMPEL LAW ENFORECMENT OFFICIALS TO TURN OVER ADVISE PROSECUTING ATTORNEY OF ALL INFORMATION ACQUIRED DURING COURSE OF INVESTIGATION, |
| 3/28/1994 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL, |
| 3/28/1994 | MOTION IN LIMINE TO EXCLUDE REFERENCES TO DEFENDANT'S CRIMINAL RECORD, |
| 3/28/1994 | MOTION TO PROHIBIT PROSECUTOR FROM ARGUING, AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE, |
| 3/28/1994 | MOTION TO INSTRUCT THE JURY TO CONSIDER MERCY IN THEIR MITIGATION PHASE DELBERATIONS |
| 3/28/1994 | MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE, |
| 3/28/1994 | MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION |
| 3/28/1994 | MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE MITIGATION PHASE, |

MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY

O'Neal Apx. Vol. VIII
Page 10

| | 3/28/1994 | WHICHIT WEIGHS THE AGGRAVATING AGAINST THE MITIGATING CIRCUMSTANCES, |
|---|---|---|
| | 3/28/1994 | MOTION TO SUBMIT JURY QUESTIONNAIRE, |
| | 3/28/1994 | REQUEST FOR NOTICE OF INTENT TO USE EVIDENCE, |
| | 3/28/1994 | MOTION TO PROHIBIT DEATH- QUALIFICAITON OF JURY; IN THE ALTERNATIVE,IF NECESSARY.TO SEAT A SEPARATE JURY DURING PENALTY PHASE OF TRIAL, |
| | 3/28/1994 | MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PIOR TO TRIAL, |
| | 3/28/1994 | MOTION TO INSULATE THE VENIRE AND JURY, |
| | 3/28/1994 | MOTION IN LIMINE TO PROHIBIT DISPLAY OF EVIDENTIARY EXHIBIT UNITL PROFFERED, |
| | 3/28/1994 | MOTION FOR COMPREHENSIVE VIOR DIRE, |
| | 3/28/1994 | MOTION IN LIMINE TO LIMIT PROSECUTORSARGUMENT TO THE AGGRAVATING CIRCUMSTANCE PROVEN AT THE GUILT PHASE, |
| | 3/28/1994 | MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW, |
| | 3/28/1994 | MOTION FOR AN ORDER TO ALLOW DEFENSE TO VIEW CRIME SCENE, |
| | 3/28/1994 | MOTION TO COMPEL PROSECUTING ATTORNEYTO DISCLOSE DEATH PENALTY DATA |
| 0261 | 2/4/1994 | ENTRY OF CONTINUANCE 2/24/94 |
| 0098 | 1/31/1994 | ENTRY APPOINTING MITIGATION SPECIALIST |
| | 1/24/1994 | OPPOSITION TO DEFENDANT'S MOTION TO EMPLOY PSYCHOLOGIST. |
| | 1/14/1994 | STATE'S RESPONSE TO DEFENDANT'S DEMAND FOR DISCOVERY. |
| 0206 | 1/14/1994 | ENTRY OF CONTINUANCE 6/6/94 |
| | 1/10/1994 | MOTION TO EMPLOY EXPERTS AND AUTHORIZE PAYMENTS OF FEES OF SAME. |
| 0165 | 1/7/1994 | ENTRY OF CONTINUANCE 1/14/94 |
| | 12/28/1993 | DEMAND FOR DISCOVERY |
| | 12/28/1993 | REQUEST FOR BILL OF PARTICULARS |
| | 12/27/1993 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER W/SPEC (S) OF AGGRAVATING CIRCUMSTANCES 2929.021A R.C. |
| 0009 | 12/22/1993 | PLEA OF NOT GUILTY ENTERED AT ARRAIGNMENT. $1,000,000 |
| 0009 | 12/22/1993 | COUNSEL ASSIGNED DALE SCHMIDT & JOHN KELLER |
| 0014 | 12/22/1993 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE DALE G SCHMIDT & JOHN T KELLER |
| 0114 | 12/22/1993 | APPLIC. REQUESTING PERMISSION TO BROADCAST,TELEVISE,PHOTO., RECORD COURTROOM PROCEEDINGS. CINTI POST |
| 0236 | 12/22/1993 | ENTRY OF CONTINUANCE 1/7/94 |
| 0113 | 12/22/1993 | APPLIC. REQUESTING PERMISSION TO BROADCAST,TELEVISE,PHOTO., RECORD COURTROOM PROCEEDINGS. CINTI. ENQUIRER |
| | 12/21/1993 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY PAUL COSGROVE DEPUTY |
| 0068 | 12/20/1993 | ENTRY APPOINTING COUNSEL DALE SCHMIDT |
| | 12/16/1993 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR AGGRAVATED MURDER 2903.01 R.C. (CAPITAL) W/SPEC; ATTEMPT (AGGRAVATED MURDER) 2923.02 R.C. W/SPEC; AGGRAVATED BURGLARY 2911.11 |

O'Neal Apx. Vol. VIII
Page 11

R.C. W/SPEC

12/16/1993   PRECIPE FOR WARRANT FILED AND WARRANT ISSUED.

About the Clerk | FAQ | Links | Directions | Policies | Contact Us | Site Map

Alternate languages: Deutsch | Español | Francais | Italiano

© 2007 Greg Hartmann, Hamilton County Clerk of Courts. All rights reserved.

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,

      Plaintiff-Respondent,

           CASE NO. B-939022

    v.

           JUDGE RALPH WINKLER

           <u>DEATH PENALTY CASE</u>

JAMES DERRICK O'NEAL,

           Evidentiary hearing requested

      Defendant-Petitioner.

### <u>FIRST SUCCESSIVE PETITION TO VACATE OR SET ASIDE JUDGMENT AND/OR SENTENCE PURSUANT TO OHIO REVISED CODE SECTIONS 2953.21 AND 2953.23</u>

    (1)  James Derrick O'Neal hereby files this first successive petition to vacate or set aside judgment and/or sentence pursuant to R.C. 2953.21 and R.C. 29.53.23 on the ground that the judgment and/or sentence is void or voidable as a result of the denial of rights guaranteed by Ohio law and the Constitution of the United States.  Petitioner meets the requirements for a successive postconviction petition because the United States Supreme Court has now "recognized a new federal...right that applies retroactively to persons in the petitioner's situation...." and "but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the sentence of death."  R.C. 2953.23; <u>Atkins v. Virginia</u>, ___ U.S. ___, 122 S.Ct. 2242, 153 L.Ed.2d 335 (June 20, 2002).  Petitioner requests an evidentiary hearing on this ground for relief.

<u>Jurisdictional Facts:</u>

1



D52515914

(2)    James O'Neal was convicted of aggravated murder and sentenced to death on December 11, 1995.

(3)    His conviction and sentence of death were affirmed by the Court of Appeals of Hamilton County, First Appellate District, on December 12, 1997.  State v. O'Neal, Hamilton App. No. C-960392, 1997 Ohio App. LEXIS 5510 (1997)(unreported).

(4)    The Ohio Supreme Court affirmed the conviction and sentence of death on January 5, 2000.  State v. O'Neal, 87 Ohio St.3d 402, 721 N.E.2d 73 (2000).

(5)    On January 18, 2000 Petitioner filed a motion for reconsideration of the Ohio Supreme Court's decision on direct appeal.  Reconsideration was denied on February 16, 2000.  State v. O'Neal, 88 Ohio St.3d 1428, 723 N.E.2d 1115 (2000).

(6)    Petitioner O'Neal's conviction and sentence became final on May 21, 2001 when the United States Supreme Court denied his petition for writ of certiorari.  James Derrick O'Neal v. Ohio, 532 U.S. 1037, 121 S.Ct. 1997, 149 L.Ed.2d 1001 (2001).

(7)    O'Neal filed his original petition for postconviction relief with this Court on July 2, 1997.  This Court denied the petition without discovery or an evidentiary hearing on February 17, 1998.

(8)    Petitioner O'Neal filed an appeal from the denial of his original postconviction petition to the Court of Appeals for Hamilton County, First Appellate District, which affirmed the denial of his postconviction petition on March 26, 1999.  State v. O'Neal, Hamilton App. No. C-980247, 1999 Ohio App. LEXIS 1207 (1999) (unreported).

(9)    The Ohio Supreme Court denied leave to appeal the Court of Appeals judgment affirming the denial of the original petition for postconviction relief on March 8, 2000.  State v. O'Neal, 88 Ohio St.3d 1441, 724 N.E.2d 1154 (2000).

(10) Petitioner filed a timely application for reopening of the direct appeal in the Court of Appeals of Hamilton County, First Appellate District on March 12, 1998. On July 9, 1998 the Court of Appeals denied the application for reopening. State v. O'Neal, Hamilton App. No. C-960392 (July 9, 1998)(unreported).

(11) The Ohio Supreme Court affirmed the Court of Appeals' denial of Petitioner's application for the reopening of his direct appeal on March 8, 2000. State v. O'Neal, 88 Ohio St.3d 179, 724 N.E.2d 423 (2000).

(12) On May 21, 2002 Petitioner O'Neal filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio, Western Division. James Derrick O'Neal v. Margaret Bagley, Warden, Case No. C-1-2-357. The case is presently in its preliminary stages.

### First Ground For Relief

(13) James O'Neal is mentally retarded.

(14) The Eighth Amendment to the United States Constitution prohibits the execution of a person who is mentally retarded. Atkins v. Virginia, __ U.S. __, 122 S.Ct. 2242, 153 L.Ed.2d 335 (June 20, 2002).

(15) James O'Neal has consistently been evaluated as functioning in the borderline to mildly retarded range of intelligence and as having difficulty in the performance area. Trial Tr. 977, 1001.

(16) Dr. David Chiappone, a clinical psychologist, testified in the mitigation phase of the trial that he administered a number of tests to Petitioner and that Petitioner "scored in the what are called the border range of mental retardation. [sic] He's not retarded, but he functions at the

3

second or third percentile of the general population." Trial Tr. at 981. He testified that Petitioner

had difficulty performing some simple tests that the Doctor administered. "And so at that point I

thought there was what we call organicity above and beyond limited intellect. And at that point I

recommended we have a neuropsychologist who specializes in dysfunctions of the brain to do

further testing to make sure we didn't miss anything." Trial Tr. at 982. Dr. Chiappone testified

that Petitioner O'Neal suffered from "borderline mental retardation based on the IQ test and

substantiated by his educational data." Trial Tr. at 987. Finally, Dr. Chiappone stated that

Petitioner had a "[l]ack of coping skills" which, along with other factors, "made it more difficult

for him to effectively problem solve." Trial Tr. at 996.

(17) Dr. Chiappone referred Petitioner to Dr. Robert Tureen, a clinical neuropsychologist

at the Mayfield Neurological Institute in Cincinnati. Dr Tureen also testified in the mitigation

phase of the trial. Trial Tr. at 997.

(18) Dr. Tureen did further testing of Petitioner which showed a "longstanding type of

disturbance" which he called "minimal cerebral dysfunction." Trial Tr. at 1001. Dr. Tureen

testified that Petitioner had a very poor academic performance throughout his limited academic

career and that "early psychological testing that was done in '68 stated there was evidence of

organicity or brain damage." Trial Tr. at 1002.

(19) As to Petitioner O'Neal's level of intellectual functioning, Dr. Tureen described it as

being "in the borderline to mildly retarded range." Trial Tr. at 1002. Dr. Tureen concluded that

Petitioner is "an individual who's going to have some limitations on how well they're [sic] going

to be able to function. *** By cognitive thinking general problems involving memory, spatial

and statistical skills, language usage, as well as motor skills. [sic] And on that particular exam he

performed well into the impaired range. You take that performance and put it together with the

4

IQ level and you see an individual who is going to have some sort of difficulties in adjusting in the world." Trial Tr. at 1003. He added that persons like Petitioner would have "some real limitations of what they're going to be able to do in life and what they're going to be able to accomplish." Trial Tr. at 1005. Finally, Dr. Tureen testified on cross-examination that Petitioner "was functioning in the mildly mentally retarded to borderline range." Trial Tr. at 1009.

(20)  In Ohio, a "mentally retarded person" is defined as "a person having significantly subaverage general intellectual functioning existing concurrently with deficiencies in adaptive behavior, manifested during the developmental period." R.C. 5123.01(O).

(21)  Intellectual functioning requires an evaluation of actual intellectual functioning which is not determined solely by test scores, but instead is determined by a court based on test scores, expert testimony and other pertinent evidence. In re Elmore, 13 Ohio App.3d 79, 84, 468 N.E.2d 97 (Franklin App. 1983).

(22)  In Atkins v. Virginia the United States Supreme Court recognized the definition of mental retardation developed by the American Association on Mental Retardation (AAMR) and the American Psychiatric Association (APA). The AAMR defines mental retardation as "characterized by significant subaverage intellectual functioning, existing concurrently with related limitations in two or more of the following adaptive areas:  communication, self-care, home living, social skills, community use, self-direction, health and safety, functional academics, leisure and work.  Mental retardation manifests itself before age 18."  Mental Retardation: Definition, Classification and Systems of Supports, at page 5 (9th ed. 1992);  Atkins v. Virginia, supra, at n 3.

The APA's definition of mental retardation is essentially the same as the AAMR's, with the addition that "mild" mental retardation is typically used to describe people with an IQ level

5

of 50-55 to approximately 70. <u>American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders</u>, at pages 42-43 (4th ed. 2000).

Petitioner O'Neal, according to the testimony of both Dr. Chiappone and Dr. Tureen, suffers from both significant subaverage intellectual functioning as well as adaptive limitations in communications, home living, social skills, academics, and leisure and work.

(23)    "General intellectual functioning" is defined as the intelligence quotient obtained by an assessment with one or more of the standardized, individually administered intelligence tests. "Significantly subaverage intellectual functioning" is defined as "an IQ of *about* 70 or below (approximately 2 standard deviations below the mean). It should be noted that there is a measurement error of approximately 5 points in assessing IQ. . ." <u>Diagnostic and Statistical Manual of Mental Disorders</u>, at pages 39-40 (4th ed. 1994) (emphasis added).

(24)    Persons afflicted with mild mental retardation may acquire academic skills up to approximately the sixth grade level. <u>Diagnostic and Statistical Manual of Mental Disorders</u>, at pages 39-41 (4th ed. 1994).

(25)    Mental retardation is never determined by IQ alone. It is assessed by a combination of IQ and adaptive functioning skills. <u>See</u> R.C. 5123.01(O); <u>see also</u>, <u>A License To Kill: The Categorical Exemption of the Mentally Retarded from the Death Penalty</u>, David L. Rumley, 24 St. Mary's University Law Journal (1993), n. 98.

(26)    Petitioner's low IQ, combined with his significant deficiencies in adaptive functioning, render him mentally retarded. As a consequence, his death sentence should be vacated.

## Demand For Relief

Petitioner James O'Neal requests the following relief:

6

1.    That his sentence of death be vacated and that a life sentence be imposed;

2.    That this Court grant an evidentiary hearing pursuant to R.C. 2953.21 and 2953.23;

3.    That this Court appoint the undersigned counsel to represent Petitioner O'Neal in these postconviction proceedings;

4.    That this Court grant Petitioner O'Neal's counsel permission to conduct additional discovery;

5.    That this Court allow Petitioner's counsel to hire an expert at court expense to assist them in presenting this ground for relief; and

6.    That this Court grant such other and further relief as it may deem just and proper.

Respectfully submitted,

JOHN J. GIDEON (0008151)
(Trial Attorney)
1093 South Fourth Street
Columbus, Ohio 43206-2621
Phone: (614) 444-9906
Facsimile: (614) 444-1885

and

MICHAEL W. KRUMHOLTZ (0009099)
(Co-Counsel)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
Phone: (937) 223-3277
Facsimile: (937) 223-6339

COUNSEL FOR PETITIONER

7

## SERVICE

R.C. 2953.21(B) provides:  "The clerk of the court in which the petition is filed shall docket the petition and bring it promptly to the attention of the court. The petitioner need not serve a copy of the petition on the prosecuting attorney. The clerk of the court in which the petition is filed immediately shall forward a copy of the petition to the prosecuting attorney of that county."

8

# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

### CRIMINAL DIVISION

STATE OF OHIO                         :      NO. B-939022

     Plaintiff-Respondent          :      (Judge Schweikert)

vs.                                   :      **MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE**

JAMES DERRICK O'NEAL                  :

     Defendant-Petitioner          :

Now comes the State of Ohio, plaintiff-respondent, in the above entitled matter, and does hereby request a continuance until December 30, 2002, to file a response to defendant-petitioner's successive petition to vacate, which was filed on November 15, 2002, for the reason that counsel for the plaintiff-respondent has an extensive workload.

                                           _____

                                           Philip R. Cummings, 0041497P
                                           Assistant Prosecuting Attorney
                                           230 East Ninth Street, Suite 4000
                                           Cincinnati, Ohio 45202
                                           513/946-3012

### CERTIFICATION

I hereby certify on this ___21___ day of November, 2002, I have posted a copy of the above entitled document to counsel for the defendant by posting same in the United States mail addressed to John J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main Street, Suite 400, Dayton, Ohio 45402-1908.

                                         _____

                                           Philip R. Cummings, 0041497P
                                           Assistant Prosecuting Attorney



D52610549

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION



STATE OF OHIO                    :        NO. B-939022

      Plaintiff-Respondent            :

      vs.                             :        **ENTRY GRANTING ADDITIONAL**
                                               **TIME TO FILE RESPONSE UNTIL**
JAMES DERRICK O'NEAL              :        **DECEMBER 30, 2002**

      Defendant-Petitioner            :

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio,

herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon

consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until December 30,

2002, to file said response.

ENTER
NOV 2 6 2002
MARK R SCHWEIKERT

Mark Schweikert, Judge
Hamilton County Court of Common Pleas

# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

### CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | |
| vs. | : | **ENTRY GRANTING ADDITIONAL TIME TO FILE RESPONSE UNTIL DECEMBER 30, 2002** |
| JAMES DERRICK O'NEAL | : | |
| Defendant-Petitioner | : | |

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio, herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until December 30, 2002, to file said response.

ENTER
DEC - 9 2002
MARK R SCHWEIKERT

Mark Schweikert, Judge
Hamilton County Court of Common Pleas



ASST. PROS. Att'y



ENTERED & SCANNED
DEC 1 0 2002
212

D52839854

O'Neal APX. VOL. VII

Page 23

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | (Judge Schweikert) |
| vs. | : | **MOTION TO EXTEND TIME TO** |
| | : | **FILE A RESPONSE TO** |
| JAMES DERRICK O'NEAL | : | **DEFENDANT'S SUCCESSIVE** |
| | : | **PETITION TO VACATE** |
| Defendant-Petitioner | : | |

Now comes the State of Ohio, plaintiff-respondent, in the above entitled matter, and does hereby request a continuance until February 3, 2003, to file a response to defendant-petitioner's successive petition to vacate, which was filed on November 15, 2002, for the reason that counsel for the plaintiff-respondent has an extensive workload.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

CERTIFICATION

I hereby certify on this 3⁰ day of December, 2002, I have posted a copy of the above entitled document to counsel for the defendant by posting same in the United States mail addressed to John J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main Street, Suite 400, Dayton, Ohio 45402-1908.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

FILED
DEC 30  2 35 PM '02
JAMES CISSELL, CLERK OF COURTS
HAMILTON COUNTY, OHIO

D52964502