THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION



STATE OF OHIO                                :        NO. B-939022

    Plaintiff-Respondent             :

vs.                                          :        **ENTRY GRANTING ADDITIONAL**
                                                      **TIME TO FILE RESPONSE UNTIL**
JAMES DERRICK O'NEAL                         :        **FEBRUARY 3, 2003**

    Defendant-Petitioner             :

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio, herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until February 3, 2003, to file said response.

Mark Schweikert, Judge
Hamilton County Court of Common Pleas

ENTER

JAN - 7 2003

MARK R SCHWEIKERT

# THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

### CRIMINAL DIVISION

**STATE OF OHIO**                    :        **NO. B-939022**

    Plaintiff-Respondent        :        (Judge Schweikert)

vs.                                  :        **MOTION TO EXTEND TIME TO FILE A RESPONSE TO DEFENDANT'S SUCCESSIVE PETITION TO VACATE**

**JAMES DERRICK O'NEAL**             :

    Defendant-Petitioner         :

Now comes the State of Ohio, plaintiff-respondent, in the above entitled matter, and does hereby request a continuance until February 17, 2003, to file a response to defendant-petitioner's successive petition to vacate, which was filed on November 15, 2002, for the reason that counsel for the plaintiff-respondent has an extensive workload.

                             _____
                             Philip R. Cummings, 0041497P
                             Assistant Prosecuting Attorney
                             230 East Ninth Street, Suite 4000
                             Cincinnati, Ohio 45202
                             513/946-3012

## CERTIFICATION

I hereby certify on this <u>3rd</u> day of February, 2003, I have posted a copy of the above entitled document to counsel for the defendant by posting same in the United States mail addressed to John J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main Street, Suite 400, Dayton, Ohio 45402-1908.

                             _____
                             Philip R. Cummings, 0041497P
                             Assistant Prosecuting Attorney

D53333114

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION



| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | |
| vs. | : | **ENTRY GRANTING ADDITIONAL** |
| | | **TIME TO FILE RESPONSE UNTIL** |
| JAMES DERRICK O'NEAL | : | **FEBRUARY 17, 2003** |
| Defendant-Petitioner | : | |

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio, herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until February 17, 2003, to file said response.

ENTER
FEB 03 2003
MARK R SCHWEIKERT

Mark Schweikert, Judge
Hamilton County Court of Common Pleas

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **NO. B-939022** |
| Plaintiff-Respondent | : | (Judge Schweikert) |
| vs. | : | **MOTION TO EXTEND TIME TO** |
| | | **FILE A RESPONSE TO** |
| **JAMES DERRICK O'NEAL** | : | **DEFENDANT'S SUCCESSIVE** |
| | | **PETITION TO VACATE** |
| Defendant-Petitioner | : | |

Now comes the State of Ohio, plaintiff-respondent, in the above entitled matter, and does

hereby request a continuance until March 21, 2003, to file a response to defendant-petitioner's

successive petition to vacate, which was filed on November 15, 2002, for the reason that counsel for

the plaintiff-respondent has an extensive workload.

FILED
Criminal Division

MAR 0 4 2003

HAMILTON COUNTY
GREGORY HARTMANN
CLERK OF COURTS

FILED
MAR 3 2 44 PM '03

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

CERTIFICATION

I hereby certify on this ___3___ day of March, 2003, I have posted a copy of the above entitled

document to counsel for the defendant by posting same in the United States mail addressed to John

J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and

Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main

Street, Suite 400, Dayton, Ohio 45402-1908.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

D53720270

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

**ENTERED**

MAR - 4 2003

IMAGE 346

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **NO. B-939022** |
| Plaintiff-Respondent | : | |
| vs. | : | **ENTRY GRANTING ADDITIONAL** |
| | | **TIME TO FILE RESPONSE UNTIL** |
| **JAMES DERRICK O'NEAL** | : | **March 21, 2003** |
| Defendant-Petitioner | : | |

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio, herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until March 21, 2003, to file said response.

ENTER

MAR - 3 2003

MARK R SCHWEIKERT

_____
Mark Schweikert, Judge
Hamilton County Court of Common Pleas

D53902648

## THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

## CRIMINAL DIVISION

STATE OF OHIO          :      NO. B-939022

      Plaintiff-Respondent    :      (Judge Schweikert)

    vs.                :    **MOTION TO EXTEND TIME TO**

**JAMES DERRICK O'NEAL**    :    **FILE A RESPONSE TO**
                               **DEFENDANT'S SUCCESSIVE**

      Defendant-Petitioner    :    **PETITION TO VACATE**

      Now comes the State of Ohio, plaintiff-respondent, in the above entitled matter, and does hereby request a continuance until May 21, 2003, to file a response to defendant-petitioner's successive petition to vacate, which was filed on November 15, 2002, for the reason that counsel for the plaintiff-respondent has an extensive workload.



Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

### CERTIFICATION

      I hereby certify on this __24__ day of April, 2003, I have posted a copy of the above entitled document to counsel for the defendant by posting same in the United States mail addressed to John J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main Street, Suite 400, Dayton, Ohio 45402-1908.

Phil Cummings /per JMK

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

D54396509

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION



| STATE OF OHIO | : | NO. B-939022 |
|---|---|---|
| Plaintiff-Respondent | : | |
| vs. | : | **ENTRY GRANTING ADDITIONAL TIME TO FILE RESPONSE UNTIL MAY 21, 2003** |
| JAMES DERRICK O'NEAL | : | |
| Defendant-Petitioner | : | |

This cause came to be considered upon the motion of Plaintiff-Respondent, State of Ohio, herein for an extension of time to file the Response of Plaintiff-Respondent and, the Court, upon consideration thereof, finds the motion is well taken and is granted.

Wherefore, it is the Order of this Court that the Plaintiff-Respondent has until May 21, 2003, to file said response.

Mark Schweikert, Judge
Hamilton County Court of Common Pleas

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

STATE OF OHIO                                      NO. B-939022

    Plaintiff-Respondent       :    *Judge Ralph Winkler.*

vs.                   :    __MOTION TO ACCEPT RESPONSE__
                          __OF PLAINTIFF INSTANTER__

JAMES DERRICK O'NEAL    :

    Defendant-Petitioner       :

    Now comes the State of Ohio, plaintiff herein, and moves this Court to accept the State's response instanter.

Respectfully submitted,

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH
2003 JUN -3 P 2: 28
FILED

## CERTIFICATION

    I hereby certify that a copy of this document was served upon John J. Gideon, Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-2621, and Michael W. Krumholtz, Attorney at Law, Bieser, Greer & Landis, LLP, 6 North Main Street, Suite 400, Dayton, Ohio 45402-1908 by ordinary United States mail on the __3__ day of June, 2003.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney



**D54858706**

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CRIMINAL DIVISION

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY, OH

2003 JUN -3  P 2: 29

STATE OF OHIO                          :          NO. B-939022

                                                      *Judge Ralph Winkler*

                          Plaintiff      :                    FILED

          vs.                                  :

JAMES DERRICK O'NEAL              :          MEMORANDUM IN OPPOSITION TO
                                                      FIRST SUCCESSIVE PETITION TO
                          Defendant      :          VACATE JUDGMENT OR SENTENCE

I.      Procedural Posture

        In 1995, this Court sentenced O'Neal to death for the brutal slaying of Carol O'Neal. The

Ohio Supreme Court affirmed the judgment and the United States Supreme Court denied O'Neal's

petition for Writ of Certiorari on May 21, 2001.

        This Court denied O'Neal's initial post-conviction petition on February 17, 1998. This

judgment was ultimately affirmed by the First District Court of Appeals. The Ohio Supreme Court

denied jurisdiction on March 8, 2000. O'Neal's petition for a writ of habeas corpus is presently

pending in Federal Court.[1]

        On November 15, 2002, O'Neal filed his First Successive Petition to Vacate or Set Aside

Sentence based upon the United States Supreme Court's recent decision in Atkins v. Virginia (2002)

122 S.CT. 2242.

        In Atkins, the Court held that executions of the mentally retarded were cruel and unusual

punishment prohibited by the Eighth Amendment. O'Neal is now claiming he is mentally retarded.

---

        [1]      O'Neal v. Bagley, Warden, Case No. C-1-2-357.



D54858694

O'Neal's petition is properly denied as he has failed to produce any evidence that he meets the current standard for mental retardation.

II.    Law

The Supreme Court of the United States has ruled that the execution of the mentally retarded violates the Eighth Amendment's ban on cruel and unusual punishment. Atkins v. Virginia (supra). Although Atkins barred the execution of the mentally retarded, it did not establish procedures for determining whether an individual is "mentally retarded" for purposes of escaping execution.

In State v. Lott,[2] the Ohio Supreme Court set forth the standards and procedural guidelines for determining whether convicted petitioners facing the death penalty are mentally retarded. Clinical definitions of mental retardation provide a standard for evaluating an individuals' claim of mental retardation. These definitions require (1) significantly sub-average intellectual functioning; (2) significant limitations in two or more adaptive skills, such as communication, self-care, and self-direction; and (3) onset before the age of 18. There is a rebuttable presumption that a petitioner is not mentally retarded if his or her IQ is above 70. State v. Lott (supra).

The procedures for post-conviction relief outlined in R.C. 2929. 2953.21 et seq. provide a suitable statutory framework for reviewing an Atkins claim. Lott (supra). If a trial court grants a petitioner a hearing on his post-conviction Atkins claim, the petitioner will bear the burden of establishing that he is mentally retarded by a preponderance of the evidence. Lott (supra). However, before a petitioner is entitled to a hearing on an Atkins claim (or any other claim), he

---

[2]    97 Ohio St. 3d 303; 2002 Ohio 6625; 779 N.E.2d 1011; 2002 Ohio LEXIX 3026.

must first plead specific facts and provide cognizable documentation to support the claim.  <u>State</u>

<u>v.  Perry</u> (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.  The documentation provided must meet at

least a minimum level of cogency to be recognized by the court.  <u>State v.  Combs</u> (1994), 100

Ohio App.3d 90.  When considering whether to grant a hearing under REVISED CODE 2953.21,

the trial court must consider the petition, supporting affidavits, and files and records such as the

indictment, journal entries, clerk's records and transcripts of proceedings.  (See R.C. 2953.21(C))

The material submitted must be sufficient to demonstrate substantive grounds for relief.  <u>See</u>

<u>State v.  Pankey</u>, 68 OS2d 59, 428 N.E.2d 413.  Here, O'Neal's petition is properly denied

without a hearing because he has failed to attach documentation demonstrating that he is retarded

or otherwise indicating substantive grounds for relief.

III.     <u>O'Neal Is Not Retarded</u>

It is apparent, on the face of O'Neal's pleadings, that his claim of mental retardation is

meritless.  (The Ohio Supreme Court noted in its decision that O'Neal is not mentally retarded.)

First, O'Neal attaches no documentation to his petition to support his claims.  Without

such, his petition is subject to denial without a hearing.  <u>See State v.  Pankey</u> (supra).

Secondly, this Court's review of the trial record will reveal that O'Neal cannot meet the

standard for mental retardation set forth in <u>Lott</u> (supra).  Dr.  Chiappone specifically testified at

trial that O'Neal is <u>not retarded</u>.  [Tp.  981] At worst, O'Neal borders on mild retardation.  [Tp.

981, 992].  He actually functions on a much higher level than his attained IQ.   [Tp.  992, 1004]

Third, O'Neal's life history before the murder indicates that he was not significantly

limited in the areas of communication, self-care or self-direction.

-3-

O'Neal's mother described him as a "normal kid." [Tp. 918] O'Neal was never in special classes in school. [Tp. 977] He fought for and obtained custody of his children. [Tp. 921-925] He worked to provide for his family and did so. He worked at Aerotek for four consecutive years.[3] He worked at Kenwood Country Club where he earned a reputation as a fabulous worker with a strong work ethic. [Tp. 959] He was known as a peacemaker. {Tp. 940, 961] Indeed, his supervisor at the Kenwood Country Club testified:

> Jamie Powers: ". . . I observed James, at least on three occasions that are clear, that he kind of stepped in the middle as a peacemaker and separated a couple guys that were going at it. So I have tremendous faith in our relationship.
>
> Q.     You would have rehired him after December 2nd?
>
> A.     I'd rehire him today if I was in that position. . . .

[Tp. 961]

After returning home from prison after some drug problems, O'Neal dedicated himself to turning his life around. His childhood friend testified:

> Prosecutor   Q.     And did you notice any changes in James after he got out?
>
> A.     A 360 degree turn.
>
> Q.     And what do you mean by that?
>
> A.     From the things that he used to do he didn't do anymore, as far as hustling and selling drugs and running the streets. That wasn't a part of him anymore.
>
> Q.     He wasn't running the streets then?
>
> A.     No.
>
> Q.     And can you tell us, did he get employed?

---

[3]     O'Neal was Aerotek's employee of the month in January 1991. [Tp. 923]

-4-

A.      He had hard times from time to time until he landed – I
        think his significant first job was the Aerotek job.

Q.      And did you ever see him go back to running the streets?

A.      No, I didn't. . . .

[Tp. 934]

In sum, O'Neal is not mentally retarded. He may suffer from a personality disorder and

be prone to substance abuse, but he is not mentally retarded under the Lott standard. His history

indicates that he was a man quite capable of positive communication, self-care and self-direction.

When he chose to do so, O'Neal worked hard, provided for his family, avoided drugs and earned

a reputation as a desirable employee. This is not the list of accomplishments of a man with

significant limits on intellectual functioning or self-direction.

From the trial record itself, it is clear that O'Neal's Atkins claim is meritless and his

petition is properly denied without a hearing.

Respectfully submitted,

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/946-3012

## CERTIFICATE OF SERVICE

I hereby certify on this 3 day of June, 2003, I have posted a coy of the above entitled
document to counsel for the defendant by posting same in the United States mail addressed to
John J. Gideon (0008151), Attorney at Law, 1093 South Fourth Street, Columbus, Ohio 43206-
2621, and Michael W. Krumholtz (0009099), Attorney at Law, Bieser, Greer & Landis, LLP, 6
North Main Street, Suite 400, Dayton, Ohio 45402-1908.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

O'Neal Apx. Vol. VIII
Page 37



D54933989

IN THE COURT OF COMMON PLEASE
HAMILTON COUNTY, OHIO
CRIMINAL DIVISION

STATE OF OHIO,                         :

                                 Case No. B-939022

        Plaintiff/Respondent,        :

                              (JUDGE SCHWEIKERT)

       vs.                                 :        Death Penalty Case

JAMES DERRICK O'NEAL                   :

        Defendant/Petitioner.        :

---

**DEFENDANT-PETITIONER'S REPLY MEMORANDUM
IN RESPONSE TO THE PLAINTIFF'S MEMORANDUM IN OPPOSITION**

---

### MEMORANDUM

This matter is before the Court on the Defendant's First Successive Petition to

Vacate or Set Aside Sentence which was filed in the wake of the United States Supreme

Court's decision in Atkins v. Virginia, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002), and the

decision of the Ohio Supreme Court in State v. Lott, 97 Ohio St.3d 303, 2002 Ohio 6625.

Atkins articulated the determination that the execution of mentally retarded individuals

violates the Eighth Amendment's ban on cruel and unusual punishment. Atkins v.

Virginia, 122 S. Ct. at 2252. The Ohio Supreme Court responded to Atkins by setting

forth the standards and procedural guidelines for determining whether convicted

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

petitioners facing the death penalty are mentally retarded. <u>State v. Lott</u>, 97 Ohio St.3d at 305.

The Defendant has requested a hearing on the issue of whether or not he is mentally retarded. In its response, the State argues that the Defendant is not entitled to a hearing in that he has failed to "first plead specific facts and provide cognizable documentation to support the claim". Memorandum in Opposition at pp. 2-3. Relying on the 1967 decision of the Ohio Supreme Court in <u>State v. Perry</u> and the 1981 decision of the Ohio Supreme Court in <u>State v. Pankey</u> the State claims that there has been an insufficient submission of material to demonstrate the substantive grounds for relief and the appropriateness of a hearing. <u>Id</u>. at 3.

Importantly, <u>State v. Perry</u> and <u>State v. Pankey</u> are cases decided long before the recent decision of the United States Supreme Court in <u>Atkins</u> and the decision of the Ohio Supreme Court that followed in <u>State v. Lott</u>. It is <u>State v. Lott</u> that sets forth the procedure that this Court must employ in dealing with the claim of mental retardation.

<u>State v. Lott</u> held that: "Whether Lott is mentally retarded is a disputed factual issue, which we believe is best resolved in the trial court. The defense should have the opportunity to present additional evidence on Lott's mental retardation before a final decision is made". <u>State v. Lott</u>, 97 Ohio St.3d at 304. Accordingly, the Supreme Court of Ohio, following the United States Supreme Court's decision in <u>Atkins</u>, will not permit the resolution of this constitutional issue based on some claim of technical insufficiency in the pleadings without the defendant having received the opportunity to present evidence on the mental retardation claim.

Moreover, <u>Lott</u> stands for the proposition that "the trial court shall conduct its own de novo review of the evidence in determining whether the defendant is mentally

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

-2-

O'Neal Apx. Vol. VIII
Page 39

retarded. The trial court should rely on professional evaluations of Lott's mental status, and consider expert testimony, appointing experts if necessary, in deciding this matter". Id. at 306. In this case, the Defendant has asked the Court to permit his hiring of an expert at court expense. First Successive Petition to Vacate or Set Aside Judgment at p. 7 #5.

In fact, the Petition to Vacate or Set Aside Judgment is replete with references to the record which establish the need for a hearing to determine whether or not James Derrick O'Neal is mentally retarded and, accordingly, subject to the death penalty. The Petition cites not only the testimony of Dr. David Chiappone (also cited in part by the State), but also the testimony of Dr. Robert Tureen, a clinical neuropsychologist (Dr. Tureen's testimony is not referenced in the State's Memorandum). Both Dr. Chiappone - a psychologist - and Dr. Tureen - a neuropsychologist to whom Dr. Chiappone referred Petitioner for further, specialized examinations and testing - testified at trial that Petitioner is borderline mentally retarded and that he has a lack of coping skills and limitations on his ability to function. In addition, Dr. Tureen testified that testing of Petitioner showed "minimal cerebral dysfunction".

Interestingly, in filing its tardy response to the Petition (through a series of Motions to Extend Time to File a Response) the State had obtained an extension of the deadline until May 21, 2003 and seeks the acceptance of their present filing "instanter" the State's use of the Perry case is remarkably similar to the State's response in Lott. Id. at 306. In Lott the State argued that res judicata barred Lott's claim referencing State v. Perry. Id. The Ohio Supreme Court specifically rejected that argument noting that "Lott lacked the opportunity to fully litigate his mental retardation claim" and that "res judicata does not bar Lott's claim of mental retardation". Id.

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

-3-

For these reasons, the request of the Defendant/Petitioner for a hearing on his First Successive Petition to Vacate or Set Aside Judgment should be sustained. The Court should grant the relief requested in the Petition so that discovery can be conducted, an expert can be utilized on behalf of the Defendant and a hearing held.

Respectfully submitted,

*for*

JOHN J. GIDEON (0008151)
(Trial Attorney)
1093 South Fourth Street
Columbus, Ohio 43206-2621
Phone: (614) 444-9906
Facsimile: (614) 444-1885

and

MICHAEL W. KRUMHOLTZ (0009099)
(Co-Counsel)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
Phone: (937) 223-3277
Facsimile: (937) 223-6339

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed to Phillip R. Cummings, Assistant Prosecuting Attorney, Hamilton County Prosecutor's Office, 230 E. Ninth Street, Suite 4000, Cincinnati, OH 45202 by regular U.S. Mail on this ___ day of June, 2003.

Counsel for James Derrick O'Neal

BIESER, GREER & LANDIS
ATTORNEYS AT LAW
400 NATIONAL CITY CENTER
6 NORTH MAIN STREET
DAYTON, OHIO 45402
(937) 223-3277

8728.202206 \ 214460.1

## THE STATE OF OHIO, HAMILTON COUNTY

## COURT OF COMMON PLEAS

## CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF OHIO | : | NO. B-939022 |
| Plaintiff-Respondent | : | (Judge Schweikert) |
| vs. | : | **ENTRY OVERRULING MOTION FOR FUNDING MENTAL RETARDATION EXPERT AND DISCOVERY** |
| JAMES DERRICK O'NEAL | : | |
| Defendant-Petitioner | : | |

The Court hereby overrules defendant's motion for funding a mental retardation expert, and for additional discovery.

Judge Mark Schweikert
Hamilton County Court of Common Pleas

E N T E R
APR - 7 2004
MARK R SCHWEIKERT

Counsel:

Philip R. Cummings  (0041497P)
Assistant Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio  45202
(513) 946-3012

ENTERED &
SCANNED
APR - 7 2004
281

COURT OF COMMON PLEAS
ENTER

HON. MARK R. SCHWEIKERT

THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

John J. Gideon (0008151)
(Trial Attorney)
1093 South Fourth Street
Columbus, Ohio 43206-2621
(614) 444-9906

    and

Michael W. Krumholtz (0009099)
(Co-Counsel)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
(937) 223-3277

THE STATE OF OHIO, HAMILTON COUNTY

COURT OF COMMON PLEAS

CRIMINAL DIVISION

STATE OF OHIO                                                    NO. B-939022

        Plaintiff-Respondent          :          (Judge Schweikert)

vs.                                                                    FINDINGS OF FACT,
                                                                      CONCLUSIONS OF LAW, AND
JAMES DERRICK O'NEAL                                ENTRY DISMISSING SUCCESSIVE
                                                                      PETITION FILED PURSUANT TO
        Defendant-Petitioner          :          ATKINS V. VIRGINIA



    This motion came before the Court on the petition to vacate or set aside judgment filed

pursuant to <u>Atkins v. Virginia</u>[1] and <u>State v. Lott</u>[2]. The Court has reviewed the entire record in this

matter, including any and all evidence relating to O'Neal's mental status that was produced at pre-

trial, trial, at the mitigation hearing, and submitted with his <u>Atkins</u> petition. The Court has also

reviewed the State of Ohio's Memorandum in Opposition to the Petition, and O'Neal's Reply

Memorandum.

    Based upon the above, the Court makes the following <u>Findings of Fact</u>:

    James O'Neal was indicted on December 16, 1993, by a Hamilton County Grand Jury.

The indictment charged O'Neal as follows:

    Count 1 of the indictment charged O'Neal with purposely causing the death of Carol O'Neal

during the commission of an aggravated burglary (R.C. 2903.01(A)). Count 1 also carried two death

---

    [1] (2002), 122 S.Ct. 224

    [2] (2002), 93 Ohio St.3d 303

1.

penalty specifications: one alleged a course of conduct involving the purposeful attempt to kill two or more persons (R.C. 2929.04(A)(5)); and a second alleged murder during an aggravated burglary (R.C. 2929.04(A)(7)). Count 2 of the indictment charged O'Neal with purposely causing the death of Carol with prior calculation and design (R.C. 2903.01(B)). Count 2 also carried the same two death penalty specifications as count 1. O'Neal was also indicted on one count of attempted murder of Carol's son, Ricardo, (count 3) and one count of aggravated burglary (count 4). Each count in the indictment also carried a firearm specification.

The jury found O'Neal guilty of both counts of aggravated murder (counts 1 and 2), both aggravated burglary death penalty specifications, three of the firearm specifications, and the aggravated burglary charge (count 4). The jury found O'Neal not guilty of attempted murder (count 3) and the course-of-conduct death penalty specifications.

Following a penalty hearing, the jury recommended that O'Neal be sentenced to death on both aggravated murder counts. This court conducted an independent review of the evidence pursuant to R.C. 2929.03(F) and accepted the jury's recommendation and imposed the sentence of death. For the aggravated burglary charge (count 4) and firearm specifications, O'Neal was sentenced in accordance with the law. On appeal, the court of appeals affirmed.

The Ohio Supreme Court affirmed the judgment and the United States Supreme Court denied O'Neal's petition for Writ of Certiorari on May 21, 2001.

This Court denied O'Neal's initial post-conviction petition on February 17, 1998. This judgment was ultimately affirmed by the First District Court of Appeals. The Ohio Supreme Court denied jurisdiction on March 8, 2000.

ENTERED &
SCANNED

APR - 7 2004

IMAGE

2.

On November 15, 2002, O'Neal filed his <u>First Successive Petition to Vacate or Set Aside</u> <u>Sentence</u> based upon the United States Supreme Court's decision in <u>Atkins v. Virginia</u>[3].

O'Neal is represented in this petition by John J. Gideon and Michael W. Krumholtz. O'Neal's sole ground for relief is that he is mentally retarded and, therefore, can not be executed under the United State's Supreme Court's ruling in <u>Atkins v. Virginia</u>[4].

In support of his petition, O'Neal has submitted no material, affidavits or documentation. O'Neal refers to the trial record to support his claim.

O'Neal cites to the mitigation phase testimony of Dr. David Chiappone, a clinical psychologist, to support his claim. O'Neal notes that Dr. Chiappone said O'Neal "scored in what are called the border range of mental retardation." (T.p. 981) Dr. Chiappone testified that O'Neal suffered from "borderline mental retardation based on the IQ test and substantiated by his educational data". (T.p. 987) The doctor testified that O'Neal lacked coping skills.

O'Neal also cites to the mitigation phase testimony of Dr. Robert Tureen, a clinical neuropsychologist. Dr. Tureen, O'Neal notes, testified that O'Neal had "minimal cerebral dysfunction" and functioned "in the borderline to mildly retarded range". (T.p. 1002) Dr. Tureen also testified that O'Neal has limitations and difficulties adjusting to and coping with the world.

This Court has thoroughly reviewed the testimony of Dr. Chiappone and Dr. Tureen. The Court finds that Dr. Chiappone specifically testified that O'Neal is not retarded. (T.p. 981, 992) Dr. Chiappone testified that O'Neal functions much higher than his attained IQ and when O'Neal wants to, he can work - and work well. The doctor noted that O'Neal's work record is a reflection of this.

---

[3] (2002) 122 S.Ct. 2242

[4] supra

3.



ENTERED & SCANNED

APR - 7 2004

IMAGE

O'Neal Apx. Vol. VIII
Page 45

(T.p. 992) The Court finds that O'Neal worked at Aerotek for consecutive years earning "employee of the month" honors in January 1991. O'Neal also worked at the Kenwood County Club earning a reputation as a solid worker with a strong work ethic. (T.p. 959)

The Court finds Dr. Tureen's testimony consistent with these facts. Dr. Tureen testified that while O'Neal has a mild cerebral problem (T.p. 1001), O'Neal is capable of performing well in rote tasks. (T.p. 1004) Dr. Tureen noted that O'Neal is in the borderline range of mild mental retardation - in the 70-72 range. (T.p. 1009)

The Court finds that O'Neal worked various jobs in an effort to provide for his family and keep his family together. (T.p. 921-925, 934-935)

The Court finds that the Ohio Supreme Court specifically acknowledged that O'Neal (after years of selling drugs) attempted to turn his life around, become a responsible citizen and take custody of his children. The Ohio Supreme Court acknowledged that O'Neal encouraged his children to get an education and he attempted legitimate, steady employment after prison.

The Court finds that the Ohio Supreme Court specifically noted that O'Neal is not mentally retarded.

The Court finds that there is no evidence that O'Neal is unable to function or care for himself.

In State v. Lott[5], the Ohio Supreme Court set forth the standards and procedural guidelines for determining whether convicted petitioners facing the death penalty are mentally retarded. Clinical definitions of mental retardation provide a standard for evaluating an individual's claim of mental retardation. These definitions require (1) significantly sub-average intellectual functioning;

---

[5] 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011

4.

ENTERED & SCANNED

APR 7 2004

IMAGE

(2) significant limitations in two or more adaptive skills, such as communication, self-care, and self-direction; and (3) onset before the age of 18. There is a rebuttable presumption that a defendant is not mentally retarded if his of her IQ is above 70.

Based upon the above findings of fact and standard of law, the Court makes the following Conclusions of Law:

     (1)    There is a rebuttable presumption that James O'Neal is not mentally retarded;

     (2)    James O'Neal does not suffer from significantly sub-average intellectual functioning;

     (3)    James O'Neal does not suffer from significant limitations with respect to his adaptive skills, such as communication, self-care and self-direction.

     (4)    James O'Neal is capable of functioning as a normal person and was able to do so before age 18;

     (5)    James O'Neal has not met the minimum threshold standards for demonstrating mental retardation and, thus, is not entitled to an evidentiary hearing on this issue.

Based on the above findings of fact and conclusions of law, the Court hereby denies James O'Neal's first successive petition to vacate or set aside judgment filed pursuant to Atkins v. Virginia[6]

---

[6] supra.

5.



James O'Neal's request for an evidentiary hearing is denied.   Further, all requests for discovery and appointment of experts is hereby denied.

Judge Mark Schweikert
Hamilton County Court of Common Pleas

**E N T E R**

APR - 7 2004

MARK R SCHWEIKERT

Counsel:

Philip R. Cummings  (0041497P)
Assistant Prosecuting Attorney
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio  45202
(513) 946-3012

John J. Gideon (0008151)
(Trial Attorney)
1093 South Fourth Street
Columbus, Ohio 43206-2621
(614) 444-9906

and

Michael W. Krumholtz (0009099)
(Co-Counsel)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
(937) 223-3277



COURT OF COMMON PLEAS
ENTER

HON. MARK R. SCHWEIKERT

THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

ENTERED &
SCANNED

APR - 7 2004

IMAGE 287

6.