You are Not Currently Logged In.  Log In He



Directions | Policies | Sitemap

[               ] [ SEARCH ]

Hamilton County Courthouse
1000 Main Street
Cincinnati, OH 45202

| Home | Court Records | Court Date | Forms | Services | Division Info |

## Case Summary

| | |
|---|---|
| Case Number: | C 0500840 |
| Case Caption: | STATE OF OHIO vs. JAMES DERRICK ONEAL |
| Judge: | Unavailable |
| Filed Date: | 10/24/2005 |
| Case Type: | A105 - NOTICE OF APPEAL - CRIMINAL - POVERTY AFFIDAVIT |
| Total Deposits: | $ 0.00 |
| Total Costs: | $ 123.00 |

### Case Options

Case History

››› Document Request Form

Case Schedules

Case Documents

Party/Attorney Information

New Case Search

New Name Search

Add Case to My Portfolio

[ Printer Friendly Version ]

## Case History

| Doc | Image# | Date | Description | Amount |
|---|---|---|---|---|
| ⊞ | | 5/22/2007 | ENTRY FROM SUPREME COURT OF OHIO DECLINES JURISDICTION AND DISMISSES THE APPEAL | |
| ⊞ | | 1/26/2007 | COPY OF NOTICE OF APPEAL TO THE SUPREME COURT OF OHIO FILED 01/16/07. S.C. # 07-0080 | |
| ⊞ | | 12/4/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊞ | | 12/1/2006 | JUDGMENT ENTRY AND DECISION AFFIRMING JUDGMENT TO TRIAL COURT B-9309022 | |
| ⊞ | | 12/1/2006 | DECISION | |
| ⊞ | | 8/7/2006 | APPELLANT JAMES O'NEAL'S NOTICE OF SUPPLEMENTAL AUTHORITIES | |
| ⊞ | | 8/2/2006 | NOTIFICATION OF MERIT HEARING ON 10/03/06 IN COURTROOM B SENT TO JOHN GIDEON, MICHAEL KRUMHOLTZ AND PHILIP CUMMINGS | |
| ⊞ | | 7/13/2006 | BRIEF OF PLAINTIFF-APPELLEE | |
| ⊞ | | 6/7/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊞ | | 6/5/2006 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLEE'S BRIEF UNTIL 07/14/06. (FINAL EXTENSION) | |
| ⊞ | | 6/1/2006 | MOTION TO EXTEND TIME TO FILE BRIEF OF PLAINTIFF-APPELLEE | |
| ⊞ | | 4/13/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊞ | | 4/11/2006 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLEE'S BRIEF UNTIL 06/01/06. | |
| ⊞ | | 3/30/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |

O'Neal Apx. Vol. XI
Page 1

| | | | | |
|---|---|---|---|---|
| ⊡ | | 3/29/2006 | ENTRY GRANTING LEAVE TO FILE APPELLANT'S BRIEF INSTANTER | |
| ⊡ | | 3/24/2006 | MOTION OF APPELLANT FOR LEAVE TO FILE BRIEF INSTANTER | |
| ⊡ | | 3/23/2006 | BRIEF OF PETITIONER-APPELLANT | |
| ⊡ | | 3/20/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊡ | | 3/17/2006 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLANT'S BRIEF UNTIL 03/22/06. | |
| ⊡ | | 3/15/2006 | MOTION OF APPELALNT FOR EXTENSION OF TIME TO FILE BRIEF | |
| ⊡ | | 2/10/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊡ | | 2/8/2006 | ENTRY GRANTING MOTION TO ENLARGE PAGE LIMITATION FOR APPELLANT'S BRIEF AND EXTENDING TIME FOR BRIEFS | |
| ⊡ | | 1/30/2006 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊡ | | 1/27/2006 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLANT'S BRIEF UNTIL 02/15/06. | |
| ⊡ | | 1/25/2006 | MOTION OF APPELLANT FOR A PAGE LIMIT EXTENSION | |
| ⊡ | | 1/25/2006 | MOTION OF APPELLANT FOR EXTENSION OF TIME TO FILE BRIEF | |
| ⊡ | | 12/12/2005 | TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES FILED | |
| | | 12/12/2005 | NOTICE OF FILING OF RECORD INCLUDING TRANCRIPT OF PROCEEDINGS MAILED TO JOHN J. GIDEON, MICHAEL W. KRUMHOLTZ, JOSEPH T. DETERS AND PHILIP R. CUMMINGS | |
| ⊡ | | 12/2/2005 | COMPLETE TRANSCRIPT OF PROCEEDINGS B-9309022 1 VOL. | |
| ⊡ | | 11/3/2005 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| ⊡ | 25 | 11/3/2005 | ACCELERATED CALENDAR SCHEDULING ORDER, ENTERED. 12/23/05 RECORD DUE. 01/25/06 APPELLANT'S BRIEF DUE. 02/28/06 APPELLEE'S BRIEF DUE. | |
| | | 10/24/2005 | COMMON PLEAS TRIAL COURT # B-9309022 | |
| | | 10/24/2005 | COPY SENT BY ORDINARY MAIL TO HAMILTON COUNTY PROSECUTOR | |
| ⊡ | | 10/24/2005 | DOCKET STATEMENT FILED. B-930022 | |
| | | 10/24/2005 | APPEAL - ON QUESTIONS OF LAW | |
| ⊡ | | 10/24/2005 | NOTICE OF APPEAL FILED. | |
| | | 10/24/2005 | NO DEPOSIT REQUIRED-POV.AFF. JOHN JOSEPH GIDEON | 0.00 |

About the Clerk | FAQ | Links | Directions | Policies | Contact Us | Site Map

Alternate languages: Deutsch | Español | Francais | Italiano

© 2007 Greg Hartmann, Hamilton County Clerk of Courts. All rights reserved.

DSF



D65776018

# IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO
### CRIMINAL DIVISION

STATE OF OHIO,
c/o Hamilton County Prosecuting Attorney
230 East Ninth Street, Suite 7000
Cincinnati, Ohio 45202,

        Plaintiff-Appellee,

        v

JAMES DERRICK O'NEAL,
#325-132
Mansfield Correctional Institution
1350 North Main Street
Mansfield, Ohio 44901-0788

        Defendant-Appellant

APPEAL NO   C050840

TRIAL NO  B-939022

<u>DEATH PENALTY CASE</u>

## <u>NOTICE OF APPEAL OF JAMES DERRICK O'NEAL</u>

Notice is hereby given that James Derrick O'Neal, Defendant-Appellant, hereby appeals to the Court of Appeals of Ohio, First Appellate District, Hamilton County, from the Decision Denying Defendant's Motion To Vacate Or Set Aside His Death Sentence in which the Court concluded that Defendant-Appellant is not mentally retarded, entered in this matter on September 26, 2004, a copy of the first and last pages of which are attached hereto

        Respectfully submitted,

        JOHN J GIDEON (0008151)
        (Trial Attorney)
        250 East Stanton Avenue
        Columbus, Ohio 43214-1268
        (614) 888-9866

ORIG, COMP, PARTIES, SUMMONS
( ) CERT MAIL  ( ) SHERIFF  ( ) WAVE
( ) PROCESS SERVER      ( ) NONE
CLERKS FEES _____ TIC
SECURITY FOR COST _____
DEPOSITED BY _9151_
FILING CODE _A-105_

1

CLERK OF COURTS

O'Neal APPx1 V005XI
Page 3

RECEIVED BY

and

_Michael W. Krumholtz/IXG_

MICHAEL W KRUMHOLTZ (0009099)
(Co-Counsel)
Bieser, Greer & Landis, LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
(937) 223-3277

COUNSEL FOR DEFENDANT-
  APPELLANT

JOSEPH P. DETERS (0012084P)
Prosecuting Attorney

PHILIP R CUMMINGS (0041497P)
Assistant Prosecuting Attorneys
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2174
(513) 946-3012

COUNSEL FOR PLAINTIFF-
  APPELLEE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Appeal of James Derrick O'Neal was

served on Philip R Cummings, Assistant Prosecuting Attorney, Hamilton County Prosecuting

Attorney's Office, 230 East Ninth Street, Suite 4000, Cincinnati, Ohio 45202, by regular U S

Mail, postage prepaid, on this _17th_ day of October, 2005

_John J Gideon_

JOHN J GIDEON (0008151)
Counsel for Defendant-Appellant

o'neal noticeofappeal-cpc-October2005

2

ENTERED &
SCANNED
SEP 2 6 2005
IMAGE 12

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :    Case No. B-9309022

    Plaintiff,                  :    Judge Mark Schweikert

                              :

-vs-                              :    DECISION DENYING
                              :    DEFENDANT'S MOTION
JAMES DERRICK O'NEAL,             :    TO VACATE OR SET ASIDE
                              :    HIS DEATH SENTENCE
                              :

    Defendant.                  :


This matter is before the court on Defendant James Derrick O'Neal's First Successive Petition to Vacate or Set Aside his death sentence. Defendant argues that he is mentally retarded, and thus not subject to the death penalty pursuant to the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242 (2002). In *Atkins* the United States Supreme Court held that the Eighth Amendment to the United States Constitution, barring "cruel and unusual punishments," prohibits the execution of a person who is mentally retarded. *Id.* The Court has reviewed the entire record in this matter, including any and all evidence relating to Defendant's mental status that was produced at pretrial, trial, at the mitigation hearing, submitted with his petition herein, the testimony of witnesses at the evidentiary hearing on this petition and the reports of experts submitted in evidence by both parties. The Court has also considered the memoranda and the arguments of counsel. Based on the above the court makes the following findings.

Defendant's February 9, 1968 IQ score of 64 demonstrates that he was functioning at a subaverage intellectual level at age 14. However, Dr. Ruth Kaufman's 1968 Wechsler Intelligence Test for Children also indicated "superior" performance on tasks requiring judgment in social situations, and "effective functioning" in his knowledge of vocabulary and recall of information. *Id.* (See Dr. Nelson III Report, p.3, 3/21/05). Subaverage intellectual functioning is only one prong of the three prong conjunctive test enumerated in *Lott. Lott*, 97 Ohio St.3d 305 (2002). Dr. Kaufman's statement indicates that despite Defendant's sub-70 IQ, he was not suffering from significant limitations in two or more adaptive skills. This demonstrates that all three prongs of the three prong conjunctive test were not met in 1968. Thus, Defendant has not met his burden of proving by a preponderance of the evidence that he was mentally retarded before age 18. *Id.* at 307.

### Conclusion

Defendant has failed to prove each prong of the conjunctive three prong test prescribed by the *Lott* Court by a preponderance of the evidence. *Id.* Therefore, Defendant is not mentally retarded, and his Petition to Vacate or Set Aside his death sentence is denied.

So Ordered.

ENTER
SEP 2 0 2005

MARK R SCHWEIKERT

Judge Mark R. Schweikert

COURT OF COMMON PLEAS
ENTER

HON. MARK R. SCHWEIKERT

THE CLERK SHALL SERVE NOTICE TO PARTIES PURSUANT TO CIVIL RULE 58 WHICH SHALL BE TAXED AS COSTS HEREIN.

ENTERED & SCANNED
SEP 2 6 2005
IMAGE 22

Page 1 of 2

C050840

*First District*
*Court of Appeals*

Form I
Rev 3/95

**D65789214**

## Criminal Docket Statement
### (Must Be Typed and filed In Duplicate and Served On Opposing Counsel)

**1. Case Caption**

State of Ohio,
        Plaintiff-Appellee,

        vs

James Derrick O'Neal,
        Defendant-Appellant

**2. Appeal No.** C-_____
**3. Trial No.** B939022
**4. Trial Judge:** Hon Mark R Schweikert
**5. Related Appeals** and Previous Appeals* (see list below)
**6. Date of Judgment/Order Appealed**
    **From:** September 26, 2005
**7. Date Appeal Filed:** October ____, 2005

**8. Counsel for Appellant**
John J Gideon (0008151)
250 East Stanton Avenue
Columbus, Ohio 43214-1268
(614) 888-9866

Michael W Krumholtz (0009099)
Bieser, Greer & Landis LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402-1908
(937) 223-3277

**E-Mail addresses:** johngideon@sbcglobal net / mwk@gllaw com

**9. Counsel for Appellee**
Philip R Cummings (0041497P)
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2174
(513) 946-3012

**FILED**
**COURT OF APPEALS**

OCT 2 4 2005

**GREGORY HARTMANN**
**CLERK OF COURTS**
**HAMILTON COUNTY**

**E-Mail address:** Phil Cummings@hcpros org

**10(B) Criminal Status**

| | | |
|---|---|---|
| Counsel was appointed for trial | Yes | No |
| Counsel was appointed for appeal | Yes | No |
| Stay was granted by trial court | Yes | No |
| (by U S District Court in habeas petition) | | |
| Length of Sentence | Death sentence | |

Counsel will make a reasonable effort to contact the client prior to merit hearing so that counsel can advise the court of the clients status and desire to proceed with the appeal
        **Yes**      **No**
If answered no, please explain

**11. Record**

There will be a partial transcript of proceedings filed       **Yes**
The parts to be ordered are _____
There will be a complete transcript of proceedings filed    **Yes**
**If either of the above are applicable the court reporter's certification below must be completed.**

If neither of the above are applicable then one of the following must be circled
There will be a statement filed pursuant to App R 9(C)      **Yes**
There will be an agreed statement filed pursuant to App R 9(D)    **Yes**
There is no transcript, statement or agreed statement to be filed  **Yes**  (Transcripts of 1995 death penalty trial already filed in October, 1996 as part of direct appeal, transcript
evidentiary hearing already filed prior to filing of post-hearing briefs )  of May 17, 2005
**Circling any of the above three will be deemed sufficient compliance with App. R. 9(C) and Local Rule 5.**

12. Court Reporter's Certification

The transcript as ordered consists of approximately _____ pages and pursuant to Local Rule 10, the transcript will be prepared and ready for filing on _____

Date _____    Signature _____

**13. Brief**

      Upon filing of the complete record I request___60___days to file the brief and assignments of error

    * Case No  C-940652  pretrial appeal of dismissal of death penalty specification

    Case No  C-960392  direct appeal of conviction and sentence of death
    Case No  C-980247  appeal of first/original petition for postconviction relief
    Case No  C-040286  appeal of April 7, 2004 judgment of trial court dismissing second/successive
                        petition for postconviction relief without evidentiary hearing

**14. Nature of the Appeal**

Please Check all That Apply and Be Specific Whenever Space is Provide

( ) Arson
( ) Assault
( ) Attempt _____
( ) Automobile Offense _____
( ) Burglary
( ) Complicity, Conspiracy
( ) Drug Offense

( ) DUI
( ) Kidnapping
( X ) Murder
( X ) Death Penalty
( ) Post Conviction
( ) Probation
( ) Robbery

( ) Sex Offense _____
( ) Theft Offense _____
( ) Traffic Offense _____
( ) Weapons Offense _____
( )Other _____

**15. Probable Issues for Review:**

( ) Counsel was Recently Appointed and is Not Yet Able to Identify Probable Issue(s) For Review

---OR---

Please Check All That Apply and Provide Specific Information Whenever Space is Provided

( ) Allied Offenses
( X ) Constitutional Law
    <u>Mental retardation and death penalty</u>
( ) Counsel - Effective Assistance
( ) Crim. R 11
( ) Expungement
( ) ID/Photos
( ) Indictment/Complaint
( ) Lesser Included Offenses
( ) Procedure/Rules
( ) _____
( ) Probation
_____

( )Prosecutor Search and Seizure
( ) Arrest
( ) Miranda
( ) Warrant
Other _____
( ) Sentencing
( ) Speedy Trial
( ) Sufficient Evidence/Crim R 29

**Trial Matters**
( ) Evidence
( ) Expert Witnesses
( ) Jury Instructions
Witnesses
( ) Other _____
( ) Weight of Evidence
( )Other _____

**16. Cases and/or Statutes to be Discussed:**

<u>Atkins v Virginia</u>, 536 U S 304, 122 S Ct 2242, 153 L Ed 2d 335 (2002)
<u>State v Lott</u> (December 11, 2002), 97 Ohio St 3d 303, 2002-Ohio-6625
R C 2953 21 *et seq*

**17. Certificate of Service**

I certify that I have mailed or otherwise delivered a copy of this docket statement to all counsel of record or the parties if unrepresented

Date **10/17/05**    Signature _____

# COURT OF APPEALS

Judges
Rupert A Doan
Lee H Hildebrandt, Jr
Robert H Gorman
Mark Philip Painter
J Howard Sundermann, Jr
Sylvia Sieve Hendon

**FIRST APPELLATE DISTRICT OF OHIO**
William Howard Taft Law Center
12th Floor, 230 East Ninth Street
Cincinnati, Ohio  45202-2138

Mark E Combs
Court Administrator

Molly Leonard
Assistant Administrator

(513) 946-3500
Fax (513) 946-3411

**STATE OF OHIO,**

Plaintiff-Appellee

vs..

**JAMES DERRICK O'NEAL,**

Defendant-Appellant.

:

:

:

:

**APPEAL NO. C050840
TRIAL NO.B-9309022**



---

## ACCELERATED CALENDAR SCHEDULING ORDER

Having reviewed the notice of appeal and docket statement filed herein, and pursuant to Local Rule 12(2), it is the Order of this Court that this cause be placed on the Court's accelerated calendar.

It is Ordered that the complete record of this action be filed on or before <u>12/23/2005.</u>
(See paragraphs one and two of the enclosed.)

The appellant's brief shall be filed on or before <u>01/25/2006.</u>
The appellee's brief shall be filed on or before <u>02/28/2006.</u>
(See paragraph four of the enclosed.)

Counsel who wish to submit the appeal to the Court without oral argument should submit a written request to the court at least three working days prior to the hearing.

> NOTE:  Enclosed with this Order are several admonitions.  These admonitions should be reviewed.

To The Clerk:

Enter upon the Journal of the Court on <u>November 3, 2005</u> per order of the Court.

By: _____     (Copy sent to counsel)
           Presiding Judge

```
TODAY'S DATE  11/03/2005        HAMILTON COUNTY CLERK OF COURTS
IMAGE DATE   10/20/2005 - 11/03/2005        COMMON PLEAS DIVISION                    PAGE 67
                        NOTICE OF APPEALABLE JUDGMENT  SENT BY ORDINARY MAIL ON 11/03/2005  CMSR5157
-------------------------------------------------------------------------------------------------
CASE NO   JUDGE   PLAINTIFF              DEFENDANT                     SENT NOTICE TO
-------------------------------------------------------------------------------------------------


C 0500840  904      STATE OF OHIO       JAMES DERRICK ONEAL       JOHN JOSEPH GIDEON
                                                                  250 EAST STANTON AVE
                                                                  COLUMBUS OH  43214-1268

C 0500840  904      STATE OF OHIO       JAMES DERRICK ONEAL       HAMILTON COUNTY PROSECUTOR
                                                                  230 E NINTH ST,  ROOM 7000
                                                                  CINCINNATI OH  45202
```



FILED
COURT OF APPEALS

NOV − 3 2005

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY



D65931064



D66320913

TO BE SENT DIRECTLY TO THE                    OHIO

COURT OF COMMON PLEAS

HAMILTON COUNTY, OHIO

**FILED**
**Criminal Division**

DEC 2  2005

- - -

STATE OF OHIO,                    :

        Plaintiff,        :

HAMILTON COUNTY
GREGORY HARTMANN
CLERK OF COURTS

        Vs.               :    Case No. B-9309022
                             C-050840

JAMES DERRICK O'NEAL        :

        Defendant.        :


- - -


COMPLETE TRANSCRIPT OF PROCEEDINGS

**FILED**
**COURT OF APPEALS**

DEC - 2 2005

- - -

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

Judith A. Mullen, Esq.
Phillip R. Cummings, Esq.

    On behalf of the Plaintif

John J. Gideon, Esq.
Michael W. Krumholtz, Esq.

    On behalf of the Plaintiff.


- - -


    BE IT REMEMBERED that upon the

motion of this cause, on May 17th, 2005, before

the Honorable MARK R. SCHWEIKERT, Judge of the

said Court of Common Pleas, the following

proceedings were had.

HAMILTON COUNTY
CLERK OF COURTS

```
 1                      STATE OF OHIO
                          VERSUS
 2               JAMES DERRICK O'NEAL
                  Case No. B-9309022
 3                Case No.  C-050840

 4                  I N D E X

 5
     DEFENDANT'S WITNESSES
 6
     Dr. Robert G. Tureen
 7
     Direct Examination ...............Page 06, Line 14
 8   Cross-examination ...............Page 36, Line 16
     Redirect Examination ............Page 48, Line 08
 9
                    E X H I B I T S
10
11   STATE'S EXHIBITS

12   Exhibit No. 1, Dr. Nelson's report

13   Marked for identification ....... By counsel
     Received into evidence ..........Page 50, Line 10
14
     Exhibit No. 2, CV, Dr. W. Michael Nelson, III
15
16   Marked for identification .......By counsel
     Received into evidence ..........Page 50, Line 10
17   Exhibit No. 3, O'Neal medical Chart

18   Marked for identification .......By counsel
     Received into evidence ..........Page 50, Line 10
19
     Exhibit No. 4, ODRC Mental Health file, O'Neal
20
     Marked for identification .......By counsel
21   Received into evidence ..........Page 50, line 10

22   Exhibit No. 5, O'Neal Ohio Supreme Court decision

23   Marked for identification .......By counsel
     Received into evidence ..........Page 50, Line 10
24

25
```

1     <u>Defendant's Exhibits</u>:

2

3     Exhibit A, O'Neal school records

    Marked for identification ....... By counsel
4     Received into evidence .......... Page 50, Line 12

5     Exhibit B, July 27, 1994 report

6     Marked for identification ....... By counsel
    Received into evidence .......... Page 50, Line 12
7

    Exhibit C, Tureen Report
8

9     Marked for identification ....... By counsel
    Received into evidence .......... Page 50, Line 12

10

                 -  -  -
11

12

13        ALL OF THE EXHIBITS IN THE ABOVE CAUSE
       ARE IN THE CUSTODY OF THE EXHIBIT CLERK.
14

15

16

17

18

19

20

21

22

23

24

25

1       MORNING SESSION, MAY 17, 2005

2           P-r-o-c-e-e-d-i-n-g-s

3       THE COURT:  Let's go on record on

4   this.  This is State of Ohio v. James

5   Derrick O'Neal.  The defendant is not

6   present yet.  He is on his way.

7       Maybe we should wait until he gets

8   here.  We will do that.

9       MS. MULLEN:  Your Honor, when the

10  defendant arrives, I would like to read

11  into the record the agreed stipulations

12  between the parties.

13      THE COURT:  That's kind of where I

14  was going.

15      MS. MULLEN:  I'm sorry.

16      THE COURT:  I thought we had better

17  wait until he gets here.

18      MS. MULLEN:  Yes.

19      (Pause in proceedings.)

20      THE COURT:  Okay.  Let's call State

21  of Ohio v. James O'Neal, Case Number

22  B9309022.  Let the record reflect that the

23  defendant is present in court with his

24  counsel.

25      This matter is on today for a hearing

1    regarding the defendant's post-conviction

2    petition requesting a determination under

3    the Supreme Court case of *Atkins v.*

4    *Virginia*, that he is a mentally retarded

5    offender not subject to the death penalty.

6        The Court has previously ordered, at

7    the request of the parties, psychological

8    evaluations, and those reports have been

9    received.  I have not reviewed these

10   reports.  I did that on purpose because I

11   wasn't sure whether these were technically

12   the defense's evaluation, whether you were

13   going to offer them or not, and so although

14   I have them, but I haven't reviewed them.

15       Correct me if I am wrong, but I

16   believe that the defense has the burden in

17   this situation, so you would proceed first.

18       MR. KRUMHOLTZ:  We have the

19   obligation in going forward.

20       Your Honor, we could call Dr. Tureen.

21       I think Ms. Mullen will be discussing

22   some stipulations that the Court may want

23   to have read for the record.

24       MS. MULLEN:  The parties have agreed

25   to stipulate to the admissibility of all of

1    the doctors' reports, to Dr. Nelson's CV,

2    to Mr. O'Neal's medical chart, Mr. O'Neal's

3    mental health file, to the entire trial

4    record and transcripts, and to Mr. O'Neal's

5    school records.

6         MR. KRUMHOLTZ:  That's correct,

7         THE COURT:  What was final one?

8         MS. MULLEN:  The school records.

9         THE COURT:  And the defense accepts

10    all of those stipulations.

11         MR. KRUMHOLTZ:  That's right, your

12    Honor.  And with those stipulations, we

13    would call Dr. Tureen.

14         ROBERT TUREEN, Ph.D.

15    being first duly sworn, was examined and testified

16    as follows:

17         THE COURT:  Good morning, doctor.

18         THE WITNESS:  Good morning.

19         DIRECT EXAMINATION

20    BY MR. KRUMHOLTZ:

21    Q.    Sir, please give us your full name.

22    A.    Robert Tureen.

23    Q.    What is your current professional

24    address?

25    A.    Mayfield Clinic, 506 Oak Street,

1    Cincinnati.

2        Q.    How are you currently employed?

3        A.    I'm an associate of the Mayfield

4    Clinic?

5        Q.    What is the Mayfield Clinic, Dr.

6    Tureen.

7        A.    It's a group of private

8    practitioners, including 15 neurosurgeons and

9    myself.

10       Q.    What is your professional area?

11       A.    I'm a clinical psychologist with a

12   specialist in neuropsychology.

13       Q.    Are you licensed as a psychologist in

14   the State of Ohio?

15       A.    Yes.

16       Q.    How long have you been licensed in

17   this state, sir?

18       A.    Since '73 or '74, whenever the

19   licensure went through.

20       Q.    Doctor, is there such a thing as

21   board certification for psychologists?

22       A.    Yes.

23       Q.    Please explain what board

24   certification is in the case of a psychologist.

25       A.    There are several specialty areas in

1    which people are board certified in psychology by

2    the American Board of Professional Psychologists.

3    And this is a recognition via testing and

4    accomplishment of our peers that you have reached

5    a certain state of expertise in your area.  I'm a

6    diplomate with the American Board of Clinical

7    Neuropsychologists, and that was granted in 1986.

8              Q.   When you say you're a diplomate,

9    does that mean you have attained board

10   certification?

11             A.   Yes, it does.

12             Q.   How long have you been with the

13   Mayfield Clinic?

14             A.   Seven years

15             Q.   How long have you been in the private

16   practice of psychology, doctor?

17             A.   Well, I would consider my tenure with

18   the Mayfield Clinic being in private practice of

19   psychology.

20             Q.   If you would, please describe for us

21   your undergraduate educational background in

22   college.

23             A.   I received my bachelor degree from

24   the University of Michigan, and I majored in

25   psychology there.  Then I obtained my master's

1    degree from Akron State, which is now Akron State

2    University, and then went onto Wayne State

3    University in Detroit to obtain my Ph.D.  I did a

4    clinical internship at LaFayette Clinic in

5    Detroit, which no longer exists.  I did a two-year

6    postdoctoral fellowship at the University of

7    Oklahoma Medical Center.

8         Q.    Dr. Tureen, what is neuropsychology?

9         A.    That is a branch of psychology which

10   specializes in evaluating and treating the

11   behavioral reactions of changes in the brain

12   function or disordered brain function.

13        Q.    If you would, please describe for the

14   Court the nature of your practice of psychology as

15   it exists today.

16        A.    As it exist today, I'm doing almost

17   exclusive evaluation of individuals who are either

18   known to have impaired brain function or thought

19   to have impaired brain function.

20        Q.    Have you had any experience in your

21   practice of psychology in evaluating people to

22   determine whether or not they are mentally

23   retarded?

24        A.    Yes, that's pretty much run through

25   the practice over the years.

1      Q.    If you would generally, please

2  describe your experience in evaluating people on

3  this issue of mental retardation for the Court.

4      A.    The basic approach is to use a

5  battery of tests to establish a level of

6  intellectual functioning.  We further try to

7  understand where that mental retardation might be

8  stemming from.  For instance, is it coming from

9  longstanding brain damage?  A learning disorder

10  that may be the result of brain damage?  And we

11  may or may not look at school records.  I don't

12  work with children that much -- I don't work with

13  children at all.  Excuse me.  I work with adults,

14  so it's hard to get hold of school records

15  frequently.  But if you can, that's also helpful

16  in establishing when the retardation in and of

17  itself occurred.  Then you look at the functional

18  activity, how the person functions on a day-to-day

19  basis.

20      Q.    Doctor, setting aside this particular

21  gentleman, James O'Neal, setting him aside, what

22  kind of experience -- how many cases have you been

23  involved in evaluating people as to whether or not

24  they are mentally retarded?

25      A.    We are talking hundreds.  I can't

1    give you a specific number.  And by terms of

2    mentally retardation, we are talking about the

3    problems beginning early on before the age of 18

4    and not acquired as an adult.

5        Q.    Have you ever been qualified as

6    expert witness in giving testimony in the Hamilton

7    County Court of Common Pleas?

8        A.    Yes, I have.

9        Q.    Can you give us an estimate as to the

10   number of times in which you have qualified as an

11   expert in giving testimony in Hamilton County

12   Common Pleas Court?

13       A.    Probably a dozen times.

14       Q.    Let me discuss some work with you

15   that you have performed in this particular case

16   involving Mr. O'Neal.  First, of all as it relates

17   to your testimony today, when you were first

18   contacted and asked to conduct an evaluation in

19   this matter pertaining to the question of whether

20   or not James O'Neal is mentally retarded?

21       A.    It was I think around August of 2004.

22       Q.    Prior to that initial contact on this

23   issue of mental retardation, had you had any

24   involvement with James O'Neal?

25       A.    Yes, I did.

1    Q.    If you would, describe for the Court

2    what that involvement consisted of?

3    A.    Back in 1994 at the time of the

4    initial trial, I was called in by another

5    psychologist who was involved in the evaluation of

6    Mr. O'Neal.  The basis for being called is that

7    that psychologist was concerned that there was

8    evidence in his evaluation to suggest that there

9    was some brain disorder, brain damage, if you

10   will, exhibited by Mr. O'Neal.  And therefore, as

11   an expert in that area, I was asked to come in and

12   evaluate Mr. O'Neal.

13   Q.    In your work involving Mr. O'Neal

14   back at that time, 1994, did you conduct any type

15   of interview with Mr. O'Neal?

16   A.    Yes, I did.

17   Q.    Did you conduct any testing of Mr.

18   O'Neal back at that time?

19   A.    Yes, I specifically used a battery of

20   tests to look at the possibility of symptoms of

21   brain damage or brain dysfunction.  He had already

22   had some testing by Dr. Chiappone, who had seen

23   him previously.

24   Q.    With regard to the testing that you

25   did relating to Mr. O'Neal in 1994, please

1    indicate for the Court what testing that you did

2    and what the results of those tests were.  And if

3    it helps to refer to your earlier report, please

4    feel free to do that, Doctor.

5        A.    I administered him a test with a

6    screening battery of various types of mental

7    function, including memory and language and what

8    we refer to as spacial relations.

9             There are also two measures of which

10   are particularly important, which reference what

11   we call executive functioning.  That is the

12   ability to take information in, process that

13   information, plan, decide, and effectively carry

14   out a plan of action to achieve a goal.  Even more

15   importantly, to be able to shift one's way of

16   thinking or a person's focus when there is a

17   change in the environment.  The environment is

18   changing.  Our brain is constantly making

19   adjustments to the environment and evaluating

20   feedback information.

21            That was particularly important in

22   this instance, because Mr. O'Neal showed an

23   incredible amount of rigidity in thinking.  He

24   became very perseverative.  And what I gave him

25   stuck in his head.  No matter whatever the

1    information may be, that this is not an

2    appropriate response as we are testing him, he was

3    unable to make the change.  He was unable to test

4    out alternative hypotheses that we were using in

5    the field.

6        Q.    Was there any other testing that you

7    performed on Mr. O'Neal back at that time?

8        A.    Yes, that was the Wisconsin Card

9    Sort.  That was the test that I used to evaluate

10   that particular aspect; the Porteus Mazes.

11        I also did some -- administered the

12   Rey Figure -- that's R-e-y -- which is a spacial

13   planning process, which is very sensitive to the

14   existence of brain disturbance.

15        The Hooper Visual Organization Test,

16   again, is a measure which assesses the ability to

17   visually organize spacial stimuli and to recognize

18   objects, and the inability to do that reflects

19   some disturbance in the basic brain processing and

20   basic abilities as we would normally assess them.

21        Where his strengths were was mostly

22   in his verbal expression in language.

23        Q.    Now, have we covered, Doctor, not

24   only the tests you administered back in '94, but

25   the results of those tests from your standpoint as