IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**JAMES DERRICK O'NEAL,**

    Petitioner                                      Case No. 1:02-cv-357

    vs.                                               Judge Michael R. Barrett
                                                   Magistrate Judge Michael R. Merz

**MARGARET A. BAGLEY,**                  **Death Penalty Case**

    Respondent

---

## WARDEN'S RESPONSE TO O'NEAL'S
## MOTION FOR DISCOVERY

---

       A grant of discovery would be a waste of time and resources, where the discovery sought is on a legally irrelevant matter otherwise fully adjudicated during state post-conviction proceedings. **If the Court disagrees, the Warden suggests that O'Neal's request for discovery be expeditiously granted in its entirety, and that a 90 day period would be more than sufficient to complete the discovery process.**

       O'Neal's request for discovery is founded on a false premise that his status as the decedent's "husband", and an "occupant" under the decedent's lease with landlord Kenneth Taylor, undermines or negates his status as "trespasser" under the state law aggravated burglary charge that supports the death specification. These facts (husband and occupant) have never been in dispute, that the Ohio Courts have concluded that these facts are legally irrelevant to O'Neal's aggravated burglary conviction. *State v. O'Neal* 87 Ohio St. 3d 402, 408 (2000) (direct appeal); *State v. O'Neal* 1999 Ohio App. LEXIS 1207 (post-conviction). In the same vein, whether or not O'Neal still had a key to the

premises, in his pocket or not, when he kicked in the door and killed his wife is legally irrelevant to O'Neal's aggravated burglary conviction. *State v. O'Neal* 1999 Ohio App. LEXIS 1207 (post-conviction). In other words, given the undisputed facts that support the aggravated burglary conviction, the discovery O'Neal requests from this Court makes no difference to any issue of fact or law in his case.

The operative fact at trial, which O'Neal does not dispute, is that neither he nor the wife/decedent Carol O'Neal, considered him as living at Carol's home when he killed her. Carol had "kicked him out", and O'Neal was living elsewhere, just as O'Neal told police. O'Neal told police he had "moved out", and did not live at the Plainfield Road address, when he kicked in the door and killed his wife. There was no dispute about this point, and there was much testimony in support of the point. See Trial Transcripts Vol. 1, Tab C, Suppression Hearing Transcript, pgs. 9-11 (Detective Beavers regarding O'Neal's statements); Trial Transcripts Vol. 3, pgs. 342-343 (Officer Mercer regarding Carol's statements); Trial Transcripts Vol. 4, pgs. 458-459, 468 (Step-daughter Lawshawnda); Trial Transcripts Vol. V, pgs. 719-720, 723-724, 731-733 (Detective Beavers regarding O'Neal's statements). In fact, O'Neal calmly told detective Beavers that he intended to assault Carol because she had kicked him and his sons out of the house.

Thus, when O'Neal kicked in the door to kill Carol, he was a "trespasser". At the time O'Neal kicked in the door and killed Carol, he had already "moved out and began living somewhere else." *State v. O'Neal* 87 Ohio St. 3d 402, 408 (2000). O'Neal was a "trespasser" when he killed Carol, and that status formed the factual basis for the felony murder specification of aggravated burglary. O'Neal's status as a trespasser was founded

2

on his own words to police, in conjunction with his forcible entry to the premises with intent to seriously harm Carol. *State v. O'Neal* 87 Ohio St. 3d 402, 408 (2000).

There has never been a dispute that at the time of the murder he was Carol's "husband", and a listed "occupant" under Carol's lease with the landlord, Kenneth Taylor. On direct appeal, the Ohio Supreme Court acknowledged that Carol was the "lessee" of the premises, and that O'Neal's name "was not on the lease." *State v. O'Neal* 87 Ohio St. 3d 402, 408 (2000). On post conviction, the First District Court of Appeals observed that O'Neal being listed on the lease as an "occupant" of the premises was irrelevant, and otherwise "potentially could have been prejudicial to his defense." *State v. O'Neal* 1999 Ohio App. LEXIS 1207. See also Affidavit of landlord Kenneth Taylor and copy of the lease, ROW Apx. Vol. 6, pgs. 56-74. That Court was also dismissive of O'Neal's claim that he still had a key to the premises when he kicked in the door, especially where O'Neal presented no post-conviction evidence on that point. In any event, O'Neal could have had a key to the premises clenched in his teeth when he kicked in the door and killed Carol, and that hypothetical fact would change nothing.

In his request for discovery to this Court, O'Neal seeks permission to interrogate his trial counsel about legally irrelevant and undisputed facts. O'Neal seeks permission to interrogate the landlord about what appears in writing on the lease document, and presumably the assumed fact that Carol had not changed the locks by the time O'Neal kicked in the door. O'Neal seeks permission to get arrest records in hopes they would show he had a key on his person. None of this creates a relevant issue of fact or law in this habeas case and further pursuit would amount to a complete waste of time and resources.

Respectfully Submitted,

**MARC DANN,
Ohio Attorney General**

S/Stephen E. Maher
**Stephen E. Maher    (0032279)**
Assistant Attorney General
Capital Crimes Unit
30 E. Broad St. 23rd Floor
Columbus, OH 43215
(614) 728-7055
(fax) (614) 728-8600
smaher@ag.state.oh.us
Lead Counsel for Warden/Respondent

### PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon John Gideon and Michael Krumholtz, attorneys for Petitioner O'Neal, through this Court's ECF system, on this 17th day of July 2007..

S/Stephen E. Maher
Stephen E. Maher
Attorney for Warden