**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JAMES DERRICK O'NEAL, | : | CASE NO. 1:02CV 0357 |
| Petitioner, | : | District Judge Sandra S. Beckwith<br>Magistrate Judge Michael R. Merz |
| v. | : | |
| MARGARET BAGLEY, Warden | : | **PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING** |
| Respondent. | : | |

Petitioner, James O'Neal, pursuant to Rule 8 of the Rules Governing Section 2254 Cases, respectfully requests that the Court schedule an evidentiary hearing on constitutional claims that he was unable, through no fault attributable to him, to develop in state-court proceedings for the reasons set forth in the accompanying Memorandum. Petitioner requests this Court set an evidentiary hearing on Ground for Relief 7. Petitioner reserves his ability to supplement and amend this Motion as necessary.

Respectfully submitted,

/s/ Michael W. Krumholtz
Michael W. Krumholtz, Attorney
Registration No. 0009099
BIESER, GREER & LANDIS LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908
Telephone: (937) 223-3277

/s/ Lawrence J. Greger
Lawrence J. Greger (#0002592)
Suite 1100 Liberty Tower
120 W. Second Street
Dayton, OH 45402
(937) 223-3153

ATTORNEYS FOR PETITIONER

## **MEMORANDUM**

## **BRANCH I: LEGAL STANDARD FOR EVIDENTIARY HEARING**

Petitioner filed his federal habeas petition after AEDPA's effective date, so the statute applies to his case. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-327 (1997).

28 U.S.C. § 2254 (e)(2), controls whether petitioner may receive an evidentiary hearing in this court on the claims that were not developed in the Ohio courts. That section states:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that…

    A.    the claim relies on—

        (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    B.    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found that applicant guilty of the underlying offense.

By its opening clause, the statute applies only to prisoners who have "failed to develop the factual basis of a claim in State court proceedings" 28 U.S.C. §2254(e)(2). Petitioner O'Neal does not fall within the group of prisoners who failed to develop the factual basis of a claim in State court proceedings.

> Under the opening clause of Section 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence or some greater fault, attributable to the prisoner, or the prisoner's counsel.

<u>Williams v. Taylor</u>, 529 U.S. 420, 432(2000).

> The question is not whether the facts could have been discovered, but instead whether the prisoner was diligent in his efforts. The purpose of the

2

> fault component of "failed" is to ensure the prisoner undertakes his own diligent search for evidence. Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court, it does not depend, as the Commonwealth would have it, upon whether those efforts could have been successful.

Id. at 435.

> Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. Comity…dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, Sec. 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. Yet comity is not served by saying a prisoner "has failed to develop the factual basis of a claim" where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by Sec. 2254(e)(2).

Id. at 436

Finally,

> [I]f there has been no lack of diligence at the relevant stages in state proceedings, the prisoner has not "failed to develop" the facts under Sec. 2254(e)(2)'s opening clause and he will be excused from showing compliance with the balance of the subsection's requirements.

*Id.* at 437

Williams makes §2254(e)(2) inapplicable when the petitioner exercised the necessary diligence to develop the factual record in state court. *Moss v. Hofbauer,* 286 F.3d 851, 859 (6th Cir. 2002) ("…an evidentiary hearing was necessary because the state courts neither developed a factual record regarding whether the performance of Moss's counsel was constitutionally

3

deficient nor fully addressed the merits of his claim"); Greer v. Mitchell, 264 F.3d 663, 680-81 (6th Cir. 2001) ("when a petitioner pursues a claim with proper diligence in state court but is unable to develop its factual basis, AEDPA does not prevent the district court from ordering an evidentiary hearing to develop the factual record." Id.).

The Sixth Circuit Court of Appeals has reversed and remanded for an evidentiary hearing where "[A]bsent an evidentiary hearing and clear findings of fact, it is impossible to determine whether trial counsel's failure to investigate and call Dr. Waring was sound trial strategy". Barnes v. Elo, 231 F.3d 1025, 1029 (6th Cir. 2000).

**BRANCH II:  APPLICATION OF THE LEGAL STANDARD**

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases, Petitioner O'Neal seeks an evidentiary hearing on the following ground for relief:

Petitioner was denied his Sixth Amendment right to the effective assistance of counsel by the failure of trial counsel to introduce a complete copy of the Lease listing Petitioner as husband and resident of the home and by their failure to introduce evidence that the locks to the home had not been changed prior to the death of Carol O'Neal.

Initially it should be noted that the Respondent expressly concedes at pages 78-80 of her Return of Writ that Petitioner's Seventh Ground for Relief was "properly preserved".

James O'Neal's trial counsel filed a pretrial Motion to Dismiss on April 29, 1994 seeking the dismissal of all of the aggravated burglary charges contained in the Indictment. The Motion argued that as Carol O'Neal's spouse, and in the absence of a court order, James O'Neal had a right to enter the marital dwelling. The Motion did not discuss Petitioner's right to enter the premises of 4938 Plainville Road pursuant to a Lease Agreement. The Motion did not discuss the issue of changing locks at that address by Carol O'Neal.

At the oral hearing on the Motion to Dismiss on August 15, 1994, Assistant Prosecuting Attorney, Seth Tieger, stated that on December 7, 1993 Carol O'Neal "was in the process of changing the locks". (8/15/94 Hrg., Tr. at pp. 8-9). Mr. Tieger went on to speculate that James O'Neal "didn't have a key" to the premises. The prosecutor argued that using violence to enter the residence constituted a trespass. Id.

After hearing argument from the prosecution and defense, the trial court announced that the Motion to Dismiss the aggravated burglary charges would be granted and all charges pertaining to aggravated burglary would be dismissed. (Apx. Vol. I, pp. 19-21; 8/15/94 Hrg., Tr. at pp. 13-15). On August 16, 1994 the trial court filed its Entry dismissing the charges of aggravated burglary and granting a stay for purposes of appeal. The State filed its appeal that same day.

In its decision reversing the judgment of the trial court and remanding the case for further proceedings, the Court of Appeals found, based on information in the record "not presented in the form of evidentiary material", that Carol O'Neal had, in fact, changed the locks. State v. O'Neal, 103 Ohio App.3d 151, 153, 155, 658 N.E.2nd 1102 (1995). It is unclear what information in the record the Court of Appeals was relying upon for this finding, or how the suggestion that Carol O'Neal was "in the process of changing the locks" was translated into an accomplished fact.

In opening statement for the State of Ohio, Assistant Prosecuting Attorney, Kunkel, stated that the evidence would show that Carol O'Neal "took his key. . . [she] put him out". (Trial Tr., Vol. III, at 323). Prior to the beginning of the State's case, the parties stipulated into evidence several joint exhibits including a purported copy of the Lease Agreement for 4938 Plainville Road. Joint Exhibit 3 consists of the first page of a Housing Assistance Payments Contract for that address, and a one page October 19, 1993 Notification of Change to Lease

and Housing Assistance Payments Contract which states that James O'Neal's two sons, Jermaine and Cortez, were to be added to the Lease.

In closing argument Assistant Prosecutor Leon argued that James O'Neal did not have a key to 4938 Plainville Road (Trial Tr., Vol. V, at 771). Importantly, the prosecution produced no evidence that Carol O'Neal took the Petitioner's key.

Defense counsel, John Keller, in his closing argument on behalf of James O'Neal, argued that the Lease Agreement for 4938 Plainville Road included O'Neal's two children as permitted residents, thus establishing that Petitioner was also residing there. (Trial Tr., Vol. V, at 775). Mr. Keller did not argue that Petitioner's name was on the Lease Agreement or rebut the prosecution argument that James O'Neal did not own or possess a key to 4938 Plainville Road.

Prosecutor Kunkel argued in his final guilt phase closing argument: "There's the lease. You have the front page of the lease and addendum for the lease. When you get back there, you look at these. And nowhere on either of these documents is his name. Nowhere. His wife rented that house." (Trial Tr., Vol. V, at 802).

Kenneth Taylor was the owner of the premises at 4938 Plainville Road and the landlord of Carol and James O'Neal. (Taylor Depo. Tr., at pp. 4-6). While Mr. Taylor was subpoenaed to testify in the state court proceedings (An initial subpoena was issued for Mr. Taylor on April 6, 1994 and served upon him on April 8, 1994. A second subpoena was issued for Taylor on July 20, 1994 and served upon him on July 25, 1994) he never testified at trial. Mr. Taylor's deposition in this Habeas Corpus proceeding was taken on November 5, 2007. In the course of that testimony the full lease for the premises at 4938 Plainville Road was identified and authenticated by Mr. Taylor. (Taylor Depo. Tr., at p. 8). The lease at page 3 confirms that James O'Neal was "permitted to personally use and occupy the premises solely as a private dwelling". (Ex. A to Taylor Depo., at p. 3).

6

Kenneth Taylor testified that Carol O'Neal had requested a change of the locks prior to her death. (Taylor Depo. Tr., at pp. 11-12). Mr. Taylor, as the landlord, was responsible for changing the locks but had not yet commenced that project prior to Carol O'Neal's death. Id.

The procedural history of the case with the trial court's dismissal of the aggravated burglary charges, the reversal by the Court of Appeals and the emphasis on whether James O'Neal was a permitted resident of the premises or a trespasser at the time of Carol O'Neal's death, highlight the importance of the fact that James O'Neal's name was on the lease and that the locks had not been changed before Carol O'Neal was killed. These facts are significant to a determination of whether a trespass[1] occurred. This was the basis for an aggravated burglary conviction as the predicate for the capital murder conviction of James O'Neal.

Ken Taylor testified in deposition that it was customary for him as a landlord to give more than one key to a tenant when he knew that other individuals would be residing in a residence. (Taylor Depo. Tr., at p. 17). Mr. Taylor was not informed by anyone prior to Carol O'Neal's death that James O'Neal was not permitted in the residence. (Taylor Depo. Tr., at p. 17).

O'Neal's defense was prejudiced not only by the positive misinformation given to the jury about the lease, but also by the absence of the landlord's testimony that the locks had not been changed prior to Carol O'Neal's death. Indeed, the prosecution asserted, without any factual support, that Carol O'Neal had taken Petitioner's key away from him.

Strickland v. Washington, 466 U.S. 668 (1984), established the Sixth Amendment standards for claims of ineffective assistance of counsel. To establish a claim of ineffective assistance a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. 466 U.S. at 687. To establish deficient

---

[1] Ohio Rev. Code §2911.21(A)(1) defines "Criminal trespass" as "No person without privilege to do so, shall do any of the following: (1) Knowingly enter or remain on the land or premises of another".

7

performance the petitioner "must show that counsel's representation fell below an objective standard of reasonableness". Id. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms". Id. Petitioner's trial counsel, John Keller, was deposed on December 13, 2007. Mr. Keller testified that he could not recall any tactical reason on the part of the defense to fail to introduce the full lease for the residence in which Carol O'Neal and James O'Neal lived prior to her death. (Keller Depo. Tr., at p. 8).

The prejudice component of an ineffective assistance of counsel claim was explained in Glenn v. Tate, 71 F.3d 1204 (6th Cir., 1995):

> Under the Strickland test, the petitioner must show a 'reasonable probability' that, but for his counsel's unprofessional errors, the result would have been different, Strickland, 466 U.S. at 694. The petitioner does not have to show that his counsel's deficient conduct "more likely than not altered the outcome of the case". Id. at 693. The 'reasonable probability' of which Strickland speaks, rather, is 'a probability sufficient to undermine confidence in the outcome'. Id. at 694. The question, in other words, is whether counsel's errors were serious enough to deprive the petitioner of a proceeding the result of which is 'reliable', Id. at 687 - - 'whether counsel's conduct so undermined the proper functioning of the adversarial system that the trial [a term that includes capital sentencing proceedings] cannot be relied on as having produced a just result'. Id. at 686.

Id. at 1210.

The failure of trial counsel to introduce the complete copy of the lease and to present evidence that the locks to the home had not been changed undermines confidence in the jury's verdict on the critical issue of trespass.

There was no strategic reason for trial counsel to fail to call Mr. Taylor as a witness at trial or to fail to produce the entire lease for the property at 4938 Plainville Road.

Petitioner O'Neal does not fall within the group of prisoners who failed to develop the

factual basis of a claim in state court proceedings and, thus, he is entitled to an evidentiary hearing pursuant to 28 U.S.C. 2254(e)(2) on his seventh ground for relief. Petitioner's seventh claim for relief was raised as his first ground for relief in his Post Conviction Petition (O'Neall Apx. Vol. VI, p. 30). The trial court dismissed the Petition (O'Neal Apx. Vol. VI, p. 107) without an evidentiary hearing. The First District Court of Appeals gave Petitioner a merits review (O'Neal Apx. Vol. VI, pp. 212-215). Williams makes section 2254(e)(2) inapplicable when the petitioner exercised the necessary diligence to develop the factual record in state court. Moss v. Hofbauer, 286 F.3d 851, 859 (6th Cir. 2002) (". . . an evidentiary hearing was necessary because the state court neither developed a factual record regarding whether the performance of Moss's counsel was constitutionally deficient nor fully addressed the merits of his claim"). Greer v. Mitchell, 264 F.3d 663, 680-81 (6th Cir. 2001) ("when a petitioner pursues a claim with proper diligence in state court but is unable to develop its factual basis, AEDPA does not prevent the district court from ordering an evidentiary hearing to develop the factual record". Id.).

The following evidence will be offered at an evidentiary hearing as proof in support of Petitioner's claims:

Kenneth Taylor. Mr. Taylor, as the landlord of the residence occupied by Carol O'Neal at the time of her death will testify as to the fact that the lease included James O'Neal as a permitted resident and that no change of locks was effectuated before Carol O'Neal's death.

John Keller. Mr. Keller, as one of Petitioner's trial counsel, will testify to the absence of any strategic decision in failing to introduce the full lease for the residence at 4938 Plainville Road during Petitioner's trial. There was no tactical reason for failing to call Kenneth Taylor as a witness at the trial.

Respectfully submitted,

/s/ Michael W. Krumholtz
Michael W. Krumholtz, Attorney
Registration No. 0009099
BIESER, GREER & LANDIS LLP
400 National City Center
6 North Main Street
Dayton, Ohio 45402-1908
Telephone: (937) 223-3277


/s/ Lawrence J. Greger
Lawrence J. Greger (#0002592)
Suite 1100 Liberty Tower
120 W. Second Street
Dayton, OH 45402
(937) 223-3153

ATTORNEYS FOR PETITIONER


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically filed and served to Stephen E. Maher, Assistant Attorney General, Capital Crimes Section, 30 East Broad Street. 23rd Floor, Columbus, Ohio 43215-3428, by e-mail via electronic filing on this 28th day of January, 2008.

/s/ Michael W. Krumholtz
Counsel for James Derrick O'Neal

8728.202206 \ 325383.1