IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**JAMES DERRICK O'NEAL,**

    Petitioner                                   Case No. 1:02-cv-357

    vs.                                            Judge Michael R. Barrett
                                                   Magistrate Judge Michael R. Merz

**MARGARET A. BAGLEY, WARDEN**          **Death Penalty Case**

    Respondent

---

**WARDEN'S RESPONSE TO O'NEAL'S
MOTION FOR EVIDENTIARY HEARING**

---

O'Neal fails to offer a valid reason to conduct an evidentiary hearing, where the facts he seeks to prove are irrelevant and immaterial, and hence not in dispute.

There is no dispute that the lease agreement with landlord Ken Taylor named the deceased victim Carol as the "tenant", and that O'Neal was listed as an "occupant." See Attachment A, *State v. O'Neal*, 1999 Ohio App LEXIS 1207. O'Neal's dispute is one of law, where he continues to insist, in derogation of conclusions of law by the State courts, that his status as an "occupant" afforded him with possessory rights indefeasible by Carol, who had kicked him out due to a domestic dispute. This Court need not convene an evidentiary hearing to review the State court's conclusion of law that "the lease agreement did not give O'Neal the right to use the premises absent his wife's consent …." *Id*, page 4 of 5, 1st paragraph.

In similar fashion, this Court need not convene an evidentiary hearing to adjudicate the undisputed fact that the locks had not been changed before O'Neal kicked

in the front door. Once again, O'Neal's dispute is one of law, where he continues to insist the State courts were legally wrong to conclude "…[T]he issue whether the locks were changed or whether O'Neal still had a key had little relevance, and evidence on those issues would not have changed the outcome of the proceedings." *Id*, page 4 of 5, 4th paragraph. There is no need to convene an evidentiary hearing for this Court to review the validity and significance of this conclusion of law by the State court.

Moreover, there is no reason to convene an evidentiary hearing for this Court to adjudicate O'Neal's Sixth Amendment claim that his counsel were ineffective for failing to prove facts the State courts say are legally irrelevant. If the State court's conclusion of law is correct, there could be no prejudice from counsel failing to engage in the vain act of proving facts that are inconsequential to O'Neal's defense. Once again, there is no need to convene an evidentiary hearing for this Court to review the validity and significance of this conclusion of law by the State courts.

O'Neal can receive a full and fair adjudication of his Sixth Amendment claim without the need to convene an evidentiary hearing to prove facts that are not in dispute. Accordingly, the Warden respectfully suggests that the Court overrule O'Neal's Motion for Evidentiary Hearing and accordingly consider this case ripe for a final merits determination.

                    Respectfully Submitted,

                    **MARC DANN,**
                    **Ohio Attorney General**

                    S/Stephen E. Maher
                    **Stephen E. Maher   (0032279)**
                    Assistant Attorney General
                    Capital Crimes Unit
                    30 E. Broad St. 23rd Floor

        Columbus, OH 43215
        (614) 728-7055
        (fax) (614) 728-8600
        smaher@ag.state.oh.us
        Lead Counsel for Warden/Respondent

## **PROOF OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically served upon Michael Krumholtz and Larry Greger, attorneys for Petitioner O'Neal, through this Court's ECF system, on this ___ day of February 2008.

        S/Stephen E. Maher_____
        Stephen E. Maher
        Attorney for Warden