3 of 5 DOCUMENTS

STATE OF OHIO, Plaintiff-Appellee, v. JAMES DERRICK O'NEAL, Defendant-Appellant.

APPEAL No. C-980247

COURT OF APPEALS OF OHIO, FIRST APPELLATE DISTRICT, HAMILTON COUNTY

1999 Ohio App. LEXIS 1207

March 26, 1999, Date of Judgment Entry on Appeal

**NOTICE:**
THESE ARE NOT OFFICIAL HEADNOTES OR SYLLABI AND ARE NEITHER APPROVED IN ADVANCE NOR ENDORSED BY THE COURT. PLEASE REVIEW THE CASE IN FULL.

**PRIOR HISTORY:**
Civil Appeal From: Hamilton County Court of Common Pleas. TRIAL NO. B-939022.

**DISPOSITION:**
Judgment Appealed From Is: Affirmed.

CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant challenged the judgment of the Hamilton County Court of Common Pleas (Ohio), which denied appellant's petition for post-conviction relief on the basis that appellant failed to adequately support his allegations of ineffective assistance of counsel.

**OVERVIEW:** The court held that appellant's petition for post-conviction relief did not support his claim of ineffective assistance of counsel and thus affirmed the dismissal of his petition. Appellant had been convicted of aggravated murder and aggravated robbery. On review, appellant contended that his counsel was ineffective for failing to introduce evidence that he was listed on a lease as an occupant. The court ruled that in his petition for post-conviction relief, appellant needed to submit evidentiary documents containing sufficient operative facts to support his claim of ineffective assistance of counsel. On review of the evidence submitted by appellant, the court found that the lease agreement did not give appellant the right to use the premises without the consent of the tenant. Thus, the agreement did not establish sufficient operative facts to support appellant's claim. Because appellant's claims were conclusory allegations, they were inadequate to establish ineffective assistance of counsel, and thus the denial of his petition for post-conviction relief was proper.

**OUTCOME:** The court affirmed the judgment, which denied appellant's petition for post-conviction relief because appellant failed to submit adequate evidence in support of his claims for ineffective assistance of counsel.

**SYLLABUS:**

The trial court did not err in failing to grant the defendant's motion for postconviction relief from his convictions for aggravated burglary and aggravated murder with specifications that the murder was committed while the defendant was committing aggravated burglary; the petitioner failed to present evidentiary documents containing sufficient operative facts showing that he was prejudiced by counsel's failure to introduce into evidence a page of a lease listing him as an occupant and his wife as the tenant in the marital residence, or evidence that he had a key to the marital residence, when the evidence at trial showed that the defendant had lived at the marital residence until his wife had "kicked him out" a few days before the murder, and that he no longer had a possessory interest in the premises.

**COUNSEL:**
Joseph T. Deters, Hamilton County Prosecuting Attorney, and William E. Breyer, Assistant Prosecuting Attorney, for Plaintiff-Appellee.

John J. Gideon, for Defendant-Appellant.

**JUDGES:**
Doan, P.J., Gorman and Painter, JJ.

**OPINION:**

DECISION.

    Per Curiam.

    Defendant-appellant, James Derrick O'Neal, appeals a decision of the Hamilton County Court of Common Pleas dismissing his petition for postconviction relief. The grand jury originally returned a four-count indictment against O'Neal, which included two counts of aggravated murder pursuant to *R.C. 2903.01* relating to the death of his wife, Carol O'Neal. The first count charged him with purposely causing the death of the victim while committing or attempting to commit aggravated burglary. It was accompanied by death-penalty specifications, including one that charged that the offense was committed while O'Neal was committing or attempting to commit aggravated burglary. The second count of the indictment alleged that O'Neal purposely, and with prior calculation and design, caused the death of Carol O'Neal. That count was also accompanied by a specification charging that the offense was committed while O'Neal was also committing the offense of aggravated burglary. Another count also charged O'Neal with aggravated burglary pursuant to *R.C. 2911.11* for the alleged trespass that ultimately led to the victim's death.

    The events giving rise to the indictment occurred at what had been the marital residence, until the victim "kicked [O'Neal] out" shortly before the murder. Prior to trial, O'Neal successfully moved to dismiss all of the aggravated-burglary-related charges and specifications on the grounds

that a husband cannot be guilty of trespass in his own home, and therefore the state could not prove an essential element of those offenses. The state appealed, and, in *State v. O'Neal (1995), 103 Ohio App. 3d 151, 658 N.E.2d 1102* ("O'Neal I"), this court reversed the trial court's decision dismissing those charges. We held that a spouse could be found guilty of aggravated trespassing, even in the absence of a restraining order or other court order granting one party exclusive possession of the marital residence, if the evidence showed that both parties had made the decision to live in separate places. "Both parties must have understood that the possessory interest of one was being relinquished, even if it was relinquished begrudgingly or reluctantly. In the absence of such a showing, there can be no finding of trespass and, hence, no aggravated burglary." *Id. at 155, 658 N.E.2d at 1104.* We remanded the case for further proceedings.

Following a jury trial, O'Neal was convicted of both counts of aggravated murder, including the specifications that the murder occurred while he was committing or attempting to commit the offense of aggravated burglary. He was also convicted of aggravated burglary. He appealed to this court and we affirmed his convictions in State v. O'Neal (Dec. 12, 1997), Hamilton App. No. C-960392, unreported ("O'Neal II"). We specifically held that the state had presented sufficient evidence to support the trespass element of the aggravated-burglary-related convictions and specifications. We stated that "there was evidence in the record, then, that was sufficient to allow reasonable minds to conclude that appellant understood, although probably begrudgingly, that his possessory interest in the residence had been relinquished *** since he had *** moved out of the residence and was staying somewhere else."

In his petition for postconviction relief pursuant to *R.C. 2953.21*, O'Neal set forth two claims for relief. In his first claim, he argued that his trial counsel was ineffective for failing to introduce into evidence a part of the lease for the marital residence listing him as an "occupant." He contended that this page showed that he had a legal right to enter and occupy the premises and, therefore, that he was not trespassing, an essential element of aggravated burglary. He also contended that his counsel failed to present evidence that he had a key to the apartment and failed to rebut prosecution evidence that he did not. In his second claim, he argued that his trial counsel was ineffective for failing to submit proposed jury interrogatories on the trespass issue and failing to object to certain language used by the trial court in its jury instructions. The trial court granted the state's motion to dismiss the petition. This appeal followed.

O'Neal presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in concluding that he failed to raise a substantive ground for relief based upon ineffective assistance of counsel. He argues that he presented evidence outside the record that his trial counsel failed to introduce a complete copy of the lease of the marital residence listing him as an occupant, and deprived the jury of key documentary support for his claim of right to enter the marital residence. He also claims that he was prejudiced by the prosecution's representations to the jury that his name was not on the lease and that he did not have a key to the residence, due to his counsel's failure to present evidence on those issues and to object at proper times. We find that this assignment of error is not well taken.

In a petition for postconviction relief that asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate not only that counsel substantially violated his or her duties to the client, but also that the defense was prejudiced by such a violation. *State v. Cole (1982), 2 Ohio St. 3d 112, 114, 443*

*N.E.2d 169, 171; State v. Jackson (1980), 64 Ohio St. 2d 107, 413 N.E.2d 819,* syllabus. O'Neal has not demonstrated how his defense was prejudiced by any of his counsel's alleged deficiencies.

O'Neal's assertion that his being listed as an "occupant" on the lease somehow gave him a legal right to be on the property and prevented a finding that he was trespassing is incorrect. The language of the lease is clear that that the "tenant" named in the lease was Carol O'Neal and that her spouse was merely a member of her household permitted to be on the premises. R.C. 5321.01(A) defines a "tenant" as "a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." The rights conferred by the terms of the lease to the tenant to the use and occupancy of the residential premises are paramount and exclusive to all others. *Cent. Mut. Ins. Co. v. Faller (C.P.1995), 71 Ohio Misc. 2d 58, 60, 654 N.E.2d 213, 214.* See, also, *Pietrykowski v. Hamblin, 1985 Ohio App. LEXIS 6344* (Apr. 12, 1985), Wood App. No. WD-84-86, unreported; *State v. Harding, 1983 Ohio App. LEXIS 11621* (Mar. 23, 1983), Hamilton App. No. C-820345, unreported. Consequently, the lease agreement did not give O'Neal the right to use the premises absent his wife's consent, and introduction of the missing page would not, therefore, have supported his defense at trial.

Further, the evidence showed that O'Neal lived in the marital residence until he assaulted his wife and she "kicked him out." A page in the lease listing him as an occupant was cumulative at best and potentially could have been prejudicial to his defense. Consequently, introduction of that page of the lease would not have changed the outcome of the proceeding, and O'Neal was not prejudiced by his counsel's failure to introduce it into evidence. See *Strickland v. Washington (1984), 466 U.S. 668, 693-694, 104 S. Ct. 2052, 2067-2068, 80 L. Ed. 2d 674; State v. Hamblin (1988), 37 Ohio St. 3d 153, 157, 524 N.E.2d 476, 479.*

O'Neal's claim that he was prejudiced by his counsel's failure to introduce evidence that the locks on the marital residence had not been changed and that he possessed a key to the residence was not supported by any evidentiary documents. Since he failed to supply appropriate evidentiary documents, he was not entitled to relief on that basis. *State v. Kapper (1983), 5 Ohio St. 3d 36, 38-39, 448 N.E.2d 823, 826.* "General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing." *Jackson, supra, at 111, 413 N.E.2d at 822.*

Additionally, the evidence presented at trial showed that the victim planned to get the locks changed, but that she had not yet done so at the time of her death. It also showed that O'Neal gained entrance to the premises, not by using a key, but by breaking a glass door. Further, as we held in O'Neal II, the state presented substantial evidence from which the jury could have reasonably concluded that O'Neal no longer had any possessory interest in the premises. Under the facts of this case, the issue of whether the locks were changed or whether O'Neal still had a key had little relevance, and evidence on those issues would not have changed the outcome of the proceedings. Consequently, O'Neal was not prejudiced by counsel's failure to introduce evidence on those matters or to object to the prosecutor's argument, which comported with the evidence. See *Strickland, 466 U.S. at 693-694, 104 S. Ct. at 2067-2068; Hamblin, supra, at 156, 524 N.E.2d at 479.* Therefore, he has failed to meet his burden to show ineffective assistance of counsel.

In reality, O'Neal is simply using the postconviction process to try to circumvent our holdings in O'Neal I and O'Neal II. His petition for postconviction relief does not support his claim of ineffective assistance of counsel. The trial court did not err in dismissing the petition pursuant to *R.C. 2953.21(C)*, and we therefore overrule his first assignment of error.

In his second assignment of error, O'Neal states that the trial court erred in concluding that his claim of ineffective assistance of counsel with respect to counsel's failure to propose jury instructions and to object to the instructions that were given was barred by res judicata. Despite O'Neal's unsupported claims to the contrary, these were issues that could have been determined without reference to matters outside the record and therefore could have been raised on direct appeal. Consequently, the trial court properly concluded that they were barred by the doctrine of res judicata. *State v. Szefcyk (1996), 77 Ohio St. 3d 93, 671 N.E.2d 233,* syllabus; *Cole, supra,* at syllabus. Accordingly, we overrule O'Neal's second assignment of error and we affirm the judgment of the trial court dismissing his petition for postconviction relief.

Judgment affirmed.

Doan, P.J., Gorman and Painter, JJ.