IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES DERRICK O'NEAL | : | CASE NO: 1:02-CV-357 |
| Petitioner | : | District Judge Sandra S. Beckwith |
| vs. | : | Chief Magistrate Judge Michael R. Merz |
| MARGARET BAGLEY, WARDEN | : | |
| Respondent | : | |

_____

PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S
MOTION FOR AN EVIDENTIARY HEARING
_____

Comes now the Petitioner and files his reply to the Respondent's Response to Petitioner's Motion for an Evidentiary Hearing.

Respondent attempts to cast the spotlight away from the ineffective assistance of counsel claim and onto the legal conclusions which she argues are unassailable; this court cannot permit the re-casting.

Petitioner alleges in his Petition for Writ of Habeas Corpus (Doc. 4):

> Petitioner was denied his Sixth Amendment right to the effective assistance of counsel by the failure of trial counsel to introduce a complete copy of the lease, listing Petitioner as husband and occupant of the home and by their failure to introduce evidence that the locks to the home had not been changed.

(Doc. 4 at p. 53).

The aggravated burglary charge was the only specification that made the Petitioner death-eligible; the aggravated burglary charge was the key to the death-chamber and the locks on that chamber, like the home to which Petitioner had a possessory interest, have not been changed.

The Respondent argues to the court, "[T]his Court need not convene an evidentiary hearing to review the State court's conclusion of law that 'the lease agreement did not give O'Neal the right to use the premises absent his wife's consent'. (Doc. 57 at p. 1). Respondent further argues, "…there is no reason to convene an evidentiary hearing for this Court to adjudicate O'Neal's Sixth Amendment claim that his counsel were ineffective for failing to prove facts the State court say are legally irrelevant". (Doc. 57 at p. 2). This argument misses the point.

The complete lease was not before Petitioner's jury. That portion of the lease that contained both Petitioner's name and the legally significant language that Petitioner was permitted to "personally use and occupy the premises solely as a private dwelling" (O'Neal appx. Vol. VI p. 60) was not before the jury. The landlord for the premises was served with a subpoena to testify on April 8, 1994 and again on July 25, 1994 but never again and did not testify at the trial of Petitioner's capital case.

When presented with the claim for ineffective assistance of counsel in post-conviction, the First District Court of Appeals in affirming the denial of post-conviction stated in its syllabus:

> …the petitioner failed to present evidentiary documents containing sufficient operative facts showing that he was prejudiced by counsel's failure to introduce into evidence a page of a lease listing him as an occupant and his wife as a tenant in the marital residence, or evidence that he had a key to the marital residence…

(Doc. 57-2 p. 2 of 5).

The question must arise, why did defense counsel fail to call the landlord to testify and to place before the jury, 1) The complete lease; 2) The missing portions of the lease that provided for the right of Petitioner to "personally use and occupy the premises

as a private dwelling"; 3) The fact that the locks had not been changed, from the person responsible for the locks; 4) That there were multiple keys in existence for the residence provided by him?

The evidentiary hearing is necessary to answer at least these questions. The State argued to the capital jury, "There's the lease. You have the front page of the lease and addendum for the lease. When you get back there, you look at these. And nowhere on either of these documents is his name. Nowhere. His wife rented that house". (TR. 802). Of course if only a portion of the lease was tendered as an exhibit, the Petitioner's name would not be on the lease, nor would the permissive language contained therein—the Respondent's foreclosure of the evidentiary hearing herein is an attempt, like that achieved in the State courts, to present only a partial picture, foreclose disclosure of the legally significant portions of the evidence and thereby "receive a full and fair adjudication of his Sixth Amendment claim". The Petitioner's capital jury did not fully and fairly adjudicate the Petitioner with only portions of exhibits placed before them, and this court cannot fully and fairly adjudicate the Petitioner's Sixth Amendment right absent the evidentiary hearing.

For all the foregoing reasons, Petitioner's motion for an evidentiary hearing should be granted.

        Respectfully submitted

        Mr. Michael W. Krumholtz
        Attorney at Law 0009099
        Suite 400 National City Plaza
        6 N. Main Street
        Dayton, Ohio 45402
        (937) 223-3277

                Lawrence J. Greger
                Attorney at Law 0002592
                Suite 1100 Liberty Tower
                120 W. Second St.
                Dayton, Ohio 45402
                (937) 223-3153


                By: s/Lawrence J. Greger
                Trial Attorney for Petitioner


## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Reply was sent to Mr. Stephen Maher, Assistant Attorney General, electronically, by using the court's CM/ECF filing system.

                By: s/Lawrence J. Greger
                Trial Attorney for Petitioner