IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES DERRICK O'NEAL,

    Petitioner,

    vs.

MARGARET BAGLEY, Warden

    Respondent.

:

Case No. 1:02-cv-357

District Judge Michael R. Barrett
Chief Magistrate Judge Michael R. Merz

Death Penalty Case

---

REPORT TO THE COURT WITH REFERENCE TO THE
CINCINNATI METROPOLITAN HOUSING AUTHORITY RECORDS

---

Comes now the Petitioner, by and through counsel, and reports to the court that there are no documents responsive to the subpoena all as more fully set forth in the attached affidavit of Brendan James, the person upon whom the subpoena was served.

Respectfully submitted:

Mr. Michael W. Krumholtz
Attorney at Law 0009099
Suite 400 National City Plaza
6 N. Main Street
Dayton, Ohio 45402
(937) 223-3277

Lawrence J. Greger
Attorney at Law 0002592
Suite 1100 Liberty Tower
120 W. Second St.
Dayton, Ohio 45402
(937) 223-3153

By: S/Lawrence J. Greger
Trial Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply was sent to Mr. Stephen Maher, Assistant Attorney General, electronically, by using the court's CM/ECF filing system.

By: s/Lawrence J. Greger
Trial Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RECEIVED
AUG 15 2008

JAMES DERRICK O'NEAL,

    Petitioner,

vs.

MARGARET BAGLEY, Warden

    Respondent.

Case No. 1:02-cv-357

District Judge Michael R. Barrett
Chief Magistrate Judge Michael R. Merz

<u>Death Penalty Case</u>

### AFFIDAVIT OF BRENDAN JAMES

STATE OF OHIO    )
COUNTY OF HAMILTON  ) SS:

Comes now Brendan James, and after being duly cautioned and sworn, deposes and says:

1) I am an adult and competent to testify to the facts contained in this affidavit. I am testifying to facts that are within my personal knowledge.

2) I am Brendan James. I currently hold the position of Housing Choice Voucher Admissions, Assistant Manager. In that capacity I had a conversation with Lawrence J. Greger, who was requesting records for section 8 housing, dating back to the early to mid-1990's under the name Carol O'Neal and under contract number 4179 and handwritten 4938. After the conversation, I received a fax from Mr. Greger, which contained two pages. The two pages that I received were marked with the Joint Exhibit 3 sticker in the upper right hand corner, but they did not have the Exhibit 7 sticker in the bottom left hand corner, but in all other respects the documents are the same as those I received. Attached to this affidavit are true and accurate copies of the two pages that I received from Mr. Greger, except for the addition of the Exhibit 7 sticker.

3) On or about July 30, 2008, I received a subpoena to produce all of the records in the possession of the Cincinnati Metropolitan Housing Authority (CMHA) reference to Carol O'Neal and/or contract 4179, handwritten 4938.

4) As a result of the subpoena, I undertook an investigation to determine whether CMHA ever received any records as old as those requested by the subpoena, when the Hamilton County Section 8 merged with CMHA.

5) I found no documents in CMHA's possession responsive to the subpoena. On the second page of the documents faxed from Mr. Greger, is the name "Susan Walsh" with a telephone number. I called Ms. Walsh, who I knew to be the former director, to determine whether Hamilton County maintained any records in storage that were responsive to the subpoena. Ms. Walsh informed me that Hamilton County Section 8 had a records retention policy of five years, and that records from the early to middle 1990's would have been destroyed pursuant to that retention policy and that none of those records would be available. None were in storage from that long ago.

6) There are no records responsive to the subpoena because they were destroyed pursuant to the Hamilton County Section 8 retention policy, as told to me by its former Director Susan Walsh.

FURTHER THE AFFIANT SAYETH NOT.

*[signature]*
Brendan James

## ACNOWLEDGEMENT

Before me a notary public in and for said County and State personally appeared the above named Brendan James, who swore that the facts contained in this affidavit were true and correct as she verily believed this ____ day of August, 2008.

9/9/08

*[signature]*
Notary Public

Joy Evelyn Gazaway, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration
Sec. 147.03 R.C.

*4938*

JOINT EXHIBIT 3 10-26-45 GH

Contract Number __4179__

## U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
## SECTION 8 HOUSING ASSISTANCE PAYMENTS PROGRAM

### EXISTING HOUSING

### HOUSING ASSISTANCE PAYMENTS CONTRACT

This Housing Assistance Payments Contract ("Contract") is entered into between the __HAMILTON COUNTY PHA__ ("PHA"), which is a public housing agency as defined in the United States Housing Act of 1937, and __KENNETH TAYLOR__ ("Owner").

The purpose of this Contract is to assist the Family identified in section I(A) to lease a decent, safe, and sanitary dwelling unit from the Owner. The PHA will make housing assistance payments to the Owner on behalf of the Family in accordance with this Contract. The PHA has executed an Annual Contributions Contract ("ACC") with the Department of Housing and Urban Development ("HUD"). Under the ACC, HUD has agreed to provide financial assistance to the PHA to make housing assistance payments on behalf of eligible Families.

1. CONTRACT UNIT, FAMILY, AND LEASE.

   (A). This Contract applies only to the Family and the dwelling unit ("Contract unit") designated in this section.

   Contract unit: __4938 PLAINVILLE ROAD, MADISONVILLE 45227__

   (Address of Contract unit, including apartment number, if any, City, State and Zip Code)

   Family: __CAROL O'NEAL__

   (Name or names of Family representative(s))

   (B). The Owner shall lease the Contract unit to the Family. The Lease to be executed by the Family and the Owner for the Contract unit has been approved by the PHA, and shall be executed in the form approved. The Lease shall contain all provisions required by HUD, and shall not contain any provisions prohibited by HUD.

2. TERM OF CONTRACT.

   The term of this Contract shall begin on __SEPT. 1__, 19__93__. (Insert the first day of the term of the Lease. This date must be at least one year prior to the

EXHIBIT 7

Petition Exhibit D

HUD 52535 (5-84)
(HB 7420.7)



*4938*

# County of Hamilton

BOARD OF COMMISSIONERS
STEVEN J CHABOT
JOHN S DOWLIN
GUY C GUCKENBERGER
COUNTY ADMINISTRATOR
DAVID J KRINGS

DEPARTMENT OF COMMUNITY DEVELOPMENT
ROOM 507 COUNTY ADMINISTRATION BUILDING
138 EAST COURT STREET
CINCINNATI, OHIO 45202

JAMES R. LOWRY
DIRECTOR

DAN DOMIS
DEPUTY DIRECTOR

PHONES:

COMMUNITY DEVELOPMENT
(513) 632-8754

HOUSING
(513) 632-8771

October 19, 1993

NOTIFICATION OF CHANGE TO LEASE AND HOUSING ASSISTANCE PAYMENTS CONTRACT

EFFECTIVE DATE OF CHANGE: 11-1-93

OWNER'S NAME: Ken Taylor          TENANT'S NAME: Carol O'Neal

ADDRESS: 6226 Orchard Lane        ADDRESS: 4938 Plainville Rd.

CITY: Cincinnati  STATE: OH  ZIP: 45213   CITY: Madisonville  STATE: OH  ZIP: 45227

This form serves as an amendment to the Lease and the Housing Assistance Payments Contracts. As a result of the information the tenant has provided to Section 8, the following is a summary of the changes:

HOUSING ASSISTANCE PAYMENTS CONTRACT

1. Family portion of rent.........................$ 151.00   per month
2. Hamilton County (PHA) Assistance Payment......$ 391.00   per month

LEASE

Amount of rent: The total rent shall be $ 542.00   per month. The tenant shall pay $ 151.00   per month and the Hamilton County Section 8 Program shall pay $ 391.00   per month.

Other Changes to the Lease: Please add tenant's step sons (Jermaine Hudson and Cortez Hudson) to lease, they are now residing in the unit.

If the Tenant's share of rent has increased, the Tenant is eligible for an informal hearing if the Tenant believes a mistake has been made. To arrange an informal hearing, the Tenant must call Susan Walsh at 632-8772 no later than November 2, 1993.

Sincerely,

Jana Mottesi
Housing Specialist II

cc: tenant