**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES O'NEAL,

    Petitioner,

:

Case No. 1:02-cv-357

:

  -vs-

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

MARGARET A. BAGLEY,

:

    Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 96), the Warden's Response (Doc. No. 98), and Petitioner's Reply (Doc. No. 99). A motion for certificate of appealability in this case is a post-judgment motion on which a magistrate judge is required to file a report and recommendations, rather than make a decision. 28 U.S.C. § 636(b)(3).

**Standard for Certificate of Appealability**

As provided in 28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required

> by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

The Rule codifies prior practice in the Sixth Circuit. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find

> it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id*. at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id*. A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Analysis**

Petitioner seeks to appeal from the Court's decision on Grounds for Relief 1, 2, 7, 17, and 18. Those grounds as pled are as follows:

> **Ground One**
>
> Petitioner's right to fair warning and due process under the Fourteenth Amendment was denied by the change in the rule of law with respect to a spouse's privilege to enter the marital residence by the Court of Appeals in its pretrial decision in O'Neal I and by the Ohio Supreme Court in the application of its decision in State v. Lilly.

**Ground Two**

Petitioner's right to due process under the Fourteenth Amendment was denied by his convictions on counts, specifications, and charges of aggravated burglary on insufficient evidence.

**Ground Seven**

Petitioner was denied his Sixth Amendment right to the effective assistance of counsel by the failure of trial counsel to introduce a complete copy of the lease listing Petitioner as husband and occupant of the home and by their failure to introduce evidence that the locks to the home had not been changed.

**Ground Seventeen**

Petitioner's right to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment were violated by the cumulative effect of all the errors committed during the culpability and penalty phases of the trial and on appeal.

**Eighteenth Ground for Relief**

The imposition of a sentence of death on Petitioner violates his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution because he is mentally retarded under the standards- - reasonably applied - -announced in Atkins v. Virginia and in light of the facts- - reasonably determined - -presented to the state courts that show that Petitioner suffers from significantly subaverage intellectual functioning which had its onset before he attained the age of 18 and which leaves Petitioner with significant limitations in two or more adaptive behavior skills.

(Petition, Doc. No. 7); (Motion to Amend Petition, Doc. No. 38). The appealability of these five grounds for relief is considered seriatim.

**Ground One**

In Ground One Petitioner argued that retroactive application to the facts of his case of later decisions by the Hamilton County Court of Appeals and Ohio Supreme Court violated his right to due process as recognized in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). The Magistrate Judge concluded that the controlling Supreme Court law was *Rogers v. Tennessee*, 532 U.S. 451 (2001), which significantly restricted the scope of the language in *Bouie*.

Although continuing to believe that is the correct analysis, the Magistrate Judge recommends a certificate of appealability be granted on Ground One because the law of retroactivity with respect to interpretation of criminal statutes is not so well developed as not to be debatable among reasonable jurists.

**Ground Two**

In the second ground for relief, Petitioner argued there was insufficient evidence to find him guilty beyond of a reasonable doubt of trespass in his wife's residence. The Magistrate Judge recommended denial of this ground for relief because there was sufficient evidence, construed most favorably to the prosecution, that Petitioner had left the marital residence as part of a decision of the spouses to live separately and also that he used force to enter.

Resolution of this ground for relief is intertwined with the first ground: Petitioner's claim that there was no evidence of trespass rests on his claim that later interpretations by the Ohio appellate courts permitting a finding of trespass should not have been applied retroactively to his case.

A certificate of appealability should be granted on this ground for relief because of its interconnection with the first ground. If the Court of Appeals decides that the subsequent decisions

in *State v. O'Neal*, 103 Ohio App. 3d 151, 658 N.E. 2d 1102 (Ohio App. 1st Dist. 1995), and *State v. Lilly*, 87 Ohio St. 3d 397 (1999), are not properly applied to this case, then there was insufficient evidence of a trespass.

### Ground Seven

In his seventh ground for relief, Petitioner asserted ineffective assistance of trial counsel in that his counsel did not "a complete copy of the lease listing Petitioner as husband and occupant of the home and by their failure to introduce evidence that the locks to the home had not been changed." The Magistrate Judge recommended denying this ground for relief on the basis that Petitioner had shown no prejudice from omission of these items: there was already testimony of record that the victim had intended to change the locks but in fact had not done so, so additional testimony from the landlord would have been cumulative. Furthermore, the Court of Appeals determined as a matter of law that the additional pages of the "lease" which showed Petitioner as a lawful occupant of the property did not give him any right to be there because that was not the legal effect of the document at all. To have presented the document as if it created that right would have been to attempt to mislead the jury by introducing irrelevant evidence. To put it another way, if Petitioner had a right to be in the apartment, it derived from that place's having been the marital residence, a status not created by the "lease." Thus the Court of Appeals decision that it did not constitute ineffective assistance of trial counsel to fail to introduce these two pieces of evidence is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). That conclusion is not debatable among reasonable jurists and no certificate of appealability should issue on this ground for relief.

**Ground Seventeen**

In his seventeenth ground for relief, Petitioner asserts that the accumulation of errors at trial and on appeal deprived him of due process. The Magistrate Judge found that many of the included errors had been procedurally defaulted and that the claim was meritless because the Supreme Court had not held, post-AEDPA, that errors could be cumulated.

Petitioner argues this conclusion is debatable among reasonable jurists. He cites first *Walker v. Engle*, 703 F.2d 950 (6th Cir. 1983), but *Walker* is pre-AEDPA law. He relies on the dictum in *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006), that the law of the Sixth Circuit refusing to recognize cumulative error is "misguided." However misguided the *Williams* majority (Judges Clay and Moore) may have believed the rule was, they recognized that they were bound by it. *Id.*

Petitioner writes, based on *Williams*,

> Clearly reasonable jurists could disagree and the issues presented are adequate to deserve encouragement to proceed further. How else is new law made, if encouragement to argue alternative theories is denied at this stage of the Petitioner's case?

(Motion, Doc. No. 96, PageID 1551.)

The test under AEDPA is whether reasonable jurists would disagree with the district court's conclusion about what the current state of the law is, not whether they might disagree about what the law ought to be. Under Petitioner's formulation, a district court judge could properly issue a certificate of appealability in the face of clear circuit precedent because he thought that precedent was wrongly decided. While the Court of Appeals itself might allow an appeal on that basis, it is not proper for a district court to do so. No certificate of appealability should be issued on the seventeenth ground for relief.

**Ground Eighteen**

In his eighteenth ground for relief, Petitioner asserted he is immune from execution because he is mentally retarded, relying on *Atkins v. Virginia,* 536 U.S. 304 (2002). As the Report and Recommendations reflect, Petitioner filed a post-*Atkins* successive post-conviction petition in the state courts which concluded he was not mentally retarded within the meaning of *Atkins*. The Magistrate Judge concluded that this was not an unreasonable determination of the facts relating to mental retardation in light of the evidence presented in the state courts and that it was therefore entitled to deference under AEDPA.

Petitioner seeks to appeal on this eighteenth ground for relief, claiming that the state court decision is both an objectively unreasonable application of *Atkins* and an unreasonable determination of the facts in light of the evidence presented (Motion, Doc. No. 96, PageID 1552).

In his Reply, Petitioner asserts "the Magistrate did not have before him all of the evidence produced at the State evidentiary proceeding." (Reply, Doc. No. 99, PageID 1561.) In support of this statement, Petitioner refers to the Supplemental Appendix (Doc. No. 83) he filed more than two months after the Report and Recommendations were filed and almost two years after briefing on the merits was complete. Because of that, the Magistrate Judge ordered Petitioner to show cause why the documents should not be stricken (Doc. No. 84). Petitioner's counsel immediately obtained agreement of Respondent's counsel that these documents had been before the Common Pleas Court and Respondent consented to their filing (Doc. Nos. 85, 86). Thus the documents were of record but had not been considered by the Magistrate Judge at the time he filed the Report and Recommendations. The question whether the state court decision is reasonable considering the evidence presented is thus debatable among reasonable jurists and a certificate of appealability should be granted on this claim. Alternatively, if the District Judge wishes to do so, the Magistrate Judge has no objection to

Petitioner's alternative suggestion that the case be remanded to the Magistrate Judge to consider the supplemental appendix.

Finally, the question whether the state court's decision is contrary to or an objectively unreasonable application of Atkins is debatable among reasonable jurists because there has been so little from the courts of appeals on this question. Therefore a certificate of appealability should be granted on that question as well.

**Conclusion**

In accordance with the foregoing analysis, a certificate of appealability should be granted on Grounds for Relief One, Two, and Eighteen and denied on Grounds Seven and Seventeen.

June 2, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit

rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).